BROWN, *Appellant*, v. CITY OF CARTHAGE *et al.*

Division One, March 26, 1895.

1. **Dedication:** PLAT: BOUNDARIES: MONUMENTS. Where an addition to a city was platted with reference to monuments fixed by a government survey, there being no actual survey of the ground, and streets of such addition marked on the plat, were subsequently located on the ground by measurements with a chain without other instruments, the lines of the streets so measured, and corners so located, must yield to the true location made by an accurate survey controlled by the government monuments as indicated in the recorded plat.

2. ———: ———: ADDITION TO CITY: STREETS AND ALLEYS: RESERVA-
TIONS. The reservation in the plat, of an addition to a city, of the
trees and rocks on the surface of the streets and alleys, does not im-
pair the force and effect of the plat as an absolute statutory dedication
for the purposes contemplated by the statute, the fee by such dedica-
tion becoming vested in the city without the necessity of an accept-
ance on the part of the public. R. S. 1889, sec. 7313.

3. ———: ———: ———: ———: ———. After such dedication,
neither the dedicator, nor anyone claiming under him, can change the
boundaries of the streets and alleys.

4. ———: ———: ———: ———: LIMITATIONS. The statute of lim-
itations does not run against any lands dedicated to public use. R.
S. 1889, sec. 6772.

*Appeal from Jasper Circuit Court.*—HON. W. M.
ROBINSON, Judge.

AFFIRMED.

*Thomas & Hackney* for appellant.

(1) Plaintiff's fence was shown to be on the line
of the original stakes set when the addition was sur-
veyed and platted. The true line is determined by the
location of these stakes and not by the calls of the plat.
*Jones v. Poundstone*, 102 Mo. 244; *Whitehead v. Ragan*,
106 Mo. 235; *Smith v. Co.*, 117 Mo. 438; *Harding v.
Wright*, 119 Mo. 1. Even though the surveyor, in
making the original survey of the addition, adopted an
improper base line, or ran the lines on an improper
variation, the lines thus established and marked off on
the surface of the land became fixed boundaries, which
can not be changed or shifted by new surveying. Au-
thorities *supra*. These stakes control the location of the
lines in the addition. *Flynn v. Glenny*, 51 Mich. 580;
*Tarpenning v. Cannon*, 28 Kan. 665. The old fences
erected in accordance with these stakes are better evi-
dence of the true boundary lines than the new survey,
which was not run with reference to any monuments

on the land or the original survey, but is based solely on the surveyor's interpretation of the calls in the plat, and which is shown to be at variance with all the old additions in the city. *Deihl v. Zanger*, 39 Mich. 605; *Beaubein v. Kellogg*, 69 Mich. 333; *Carpenter v. Monks*, 81 Mich. 103. (2) The offer of Parsons & Case to the public was not binding on them until accepted; and, until acceptance, they had the right to resume dominion over the property, either in whole or in part, as against the public, and thus revoke in whole or in part the dedication. *St. Louis v. University*, 88 Mo. 155; *Becker v. St. Charles*, 37 Mo. 13; *Brinck v. Collier*, 56 Mo. 160; *People v. Jones*, 6 Mich. 176, and cases cited; *Field v. Manchester*, 32 Mich. 279; *County v. Miller*, 31 Mich. 447; *Buskirk v. Strickland*, 47 Mich. 389; *Bell v. Burlington*, 68 Iowa, 296; *Waltman v. Rund*, 109 Ind. 366; 2 Beach on Pub. Corp., sec. 1454. The street lines were, therefore, limited to such parts as were actually cut out and left open to the public. In accepting the streets now, the city and public must take them in the condition they are in at the time of acceptance, and not as they were when the offer to dedicate was first made. (3) The city can not now question the lines of Case street as fenced. The property owners and the public have recognized these lines as correct ever since 1868. Improvements made by property owners, corners established by surveyors, and the use by the public, have all been in conformity thereto. The lines thus recognized and acquiesced in for such length of time are binding on the city as well as private owners. *Gregory v. Knight*, 50 Mich. 61; *Dupont v. Starring*, 42 Mich. 492; *Twogood v. Hoyt*, 42 Mich. 609; *Jackson v. Perrine*, 35 N. J. Law, 137; *Deihl v. Zanger*, 39 Mich. 605; *Van Den Brooks v. Carreon*, 48 Mich. 283. (4) The plaintiff having taken possession of his lots in 1874 and inclosed the same, and planted shade and ornamental trees on

the strip of ground in controversy, as a part and parcel of his lots, and erected his dwelling with reference to this boundary, and having been in the peaceable possession of the same from that time to the institution of this suit, claiming the same as his own, a court of equity will protect him in this possession and enjoin the defendants from forcibly entering upon the same cutting down and destroying his shade and ornamental trees and taking forcible possession of the strip of ground in controversy, until the corporate authorities of the city of Carthage have established their right to this strip of ground as a part of the street, by an action at law. 1 High on Injunctions [2 Ed.], sec. 363; *Varick v. Corporation*, 4 Johns. Ch. 53; *Sheldon v. Kalamazoo*, 24 Mich. 383; *Devaux v. Detroit*, Harrington's Ch. 93; *Southwayd v. McLaughlin*, 24 N. J. Eq. 181; *Manko v. Borough*, 25 N. J. Eq. 168.

*Charles Farrow*, City Attorney, for respondents.

(1) Plats of towns and additions thereto govern as to location, length and width of streets, and size of lots. The plats must show these particulars with reference to United States survey, and, in case of additions, must conform as near as may be to the prior street locations in the town, so as to be uniform therewith. R. S. 1889, pp. 1699, 1700, secs. 7309 to 7313, inclusive. (2) A duly executed, acknowledged and recorded plat vests title to public grounds in the city and no acceptance is necessary. *Reid v. Board*, 73 Mo. 295; *City v. Howard*, 78 Mo. 88. (3) Plaintiff was bound to know width of street and boundary of his lots according to the plat by which he bought. *Williamson v. Fischer*, 50 Mo. 198. (4) Plaintiff acquired no title to strip of land in dispute by prescription; limitation does not run against land

granted for public use. R. S. 1889, p. 1589, sec. 6772; *Ins. Co. v. City*, 98 Mo. 422. And laches on part of city does not destroy rights of public to use of streets, nor does nonuser for ten years amount to an abandonment. *State v. Culver*, 65 Mo. 607; 2 Dill. on Munic. Cor. [3 Ed.], p. 673, sec. 675, and cases there cited; *Railroad v. Elgin*, 91 Ill. 221; *Brooks v. Riding*, 46 Ind. 15. (5) Plaintiff seems to rely mostly on the case of *Jones v. Poundstone*, 102 Mo. 240, as to actual survey governing, as against a plat, but that was under a very different statute,—in regard to mining land. R. S. 1889, p. 1630. The same statute does not apply, nor do the reasons for uniformity and conformity exist, as in the case of towns and cities. (6) The statute in regard to dedication of towns and additions, does not require any actual survey or placing of stakes or monuments to mark streets or lots, as the act of congress does in respect to public land surveys, but only requires "plats." Revised Statutes, *supra*. The case of *Whitehead v. Ragan*, 106 Mo. 231, cited by plaintiff, is not in point.

BRACE, P. J.—This is a proceeding by injunction in the Jasper circuit court to restrain the city of Carthage from appropriating for street purposes a strip of land about nine feet in width within the enclosure of plaintiff on his premises fronting on Case street in "Parson and Case's addition to the city of Carthage." A temporary injunction was granted, which on the hearing was dissolved and judgment rendered for the defendants, from which the plaintiff appeals.

Case street, "eighty feet wide and eighty rods long," was dedicated to public use as a street by the proprietors, by a plat of said addition, duly acknowledged on the first, and recorded on the third day of

January, 1868, in which the proprietors reserved the right to appropriate to their own use "the trees and rocks" on the streets and alleys dedicated. The plat and the description thereon show the location, length and width of the streets and alleys, size of lots and location of the addition on the southwest quarter of section 4, township 28, range 31, with reference to the lines of that sectional subdivision according to government survey. It does not purport to have been made from an actual survey of the ground, and there is no evidence tending to show that the plat was made from any such survey. Consequently, there were no monuments by which the location of the corners and lines of the lots and streets could be located. The only way of ascertaining their location on the ground was by courses and distances from the government lines.

It appears from the evidence that the addition was covered with brush and timber, and that in the spring, after the dedication, the proprietors caused the brush and timber to be cut away in the streets, and that at that time measurements were made by their agents by a chain, without other instruments, for the purpose of ascertaining the lines of the streets and the corners of the lots; and that stakes were driven along the lines of Case street, as ascertained by that measurement; that afterward lots were sold and inclosed upon each side of said street.

In the fall of 1873, the plaintiff became the purchaser of seven lots composing the north half block between Walnut and Oak fronting on the west side of Case street. He testifies that: "Immediately after my purchase I took steps to learn where my corners were. I secured the services of the then county surveyor, Mr. Elliott, and he came and located the corners of that half block for me. He located the northeast corner of the lot fronting on Oak street, as well as the other

three corners of the tract.    That corner I have always thought was correct, but before I got my fence down the stakes had been pulled up.    *    *    *    At the time Mr. Elliot located the corners he drove stakes at all four corners.''    Plaintiff fenced his premises in 1875.

There was also evidence tending to show that the fence was on the general line of the fences, south of his premises, previously built on the west side of Case street, and that some of these fences were on the line of the stakes set in the spring of 1868 as aforesaid.

In 1892 the city authorities' caused an accurate survey to be made of the streets and alleys in the addition according to the recorded plat, which developed the fact that the fences on the west side of Case street, beginning at the corner of the south half block fronting on that street, ran north at an angle slightly variant from the true one, diverging east from the true line almost imperceptibly at first, but increasing in distance from the true line, until, when opposite the plaintiff's premises, the divergence amounted to between nine and ten feet; and thus it was, defendant had fenced in a strip of about nine feet within the lines of the street when the city was proceeding to grade and improve the street in accordance with such survey, and hence this proceeding to restrain the city authorities from so doing.

I.    The evidence tending to prove the strip of ground in controversy was within the lines of defendant's premises, as staked at any time by anybody, is not at all satisfactory. But, even if it could be conceded that it was within those lines according to the stakes set when the street was cut out, the plaintiff's claim can not be maintained.    Those stakes were not monuments located by a survey, by which the true lines of the lots and streets dedicated were to be ascertained.    The only monuments given by the plat, from which the true

lines of the streets and alleys dedicated were to be located, were the monuments fixed by government survey, from the lines of which the lines of the recorded plat were drawn. There is no place in the facts of this case for the application of the principle that fixed monments, although wrong, are to govern the courses and distances.

II. We do not think that the reservation, in the plat, of the "trees and rocks" on the surface of the streets and alleys impairs the force and effect of the plat as an absolute statutory dedication for the purpose contemplated by the statute, and in this state, as in many others, a valid statutory dedication operates to vest the fee and dispenses with the necessity of an acceptance on the part of the public. R. S. 1865, sec. 8, chap. 44; R. S. 1889, sec. 7313; Elliott on Roads and Streets, 87; *Buschmann v. St. Louis,* 121 Mo. 523; *California v. Howard,* 78 Mo. 88; *Reid v. Board of Education,* 73 Mo. 295. After such a dedication, neither the dedicators, nor anyone claiming uner them could change the boundaries of the streets and alleys.

There can be no doubt on the evidence in this case that the west line of Case street, as dedicated by the plat of 1868, was correctly defined by the survey of the city engineer, according to which, the strip in controversy was within the boundaries of the street. The possession of that strip by the plaintiff from 1875 to 1892 conferred no right or title to it as against the right of the city to subject it to the purposes for which it was dedicated. R. S. 1889, sec. 6772. And we fail to find in any of the facts disclosed by the evidence, any ground upon which the city could be estopped in the latter year, when for the first time it took positive and affirmative action in that direction, from subjecting the whole of Case street, as dedicated, including the strip

in controversy, to the uses and purposes for which it was dedicated. The judgment of the circuit court is affirmed. All concur.