## HENRY WOODS et al., Appellants, v. J. HENRY JOHNSON.

### Division One, March 2, 1915.

1. **PRACTICE: Law Case: Tried by Court.** The findings of fact in an action at law (ejectment) tried by the court without the intervention of a jury rest upon the same ground as to facts as do the verdicts of juries, and on appeal such findings will not be disturbed if they are supported by substantial evidence, or the evidence is conflicting.

2. **EJECTMENT: Government Corners: Conflict in Evidence.** Original corners as established by the Government surveyors, if they can be found, or if the places where they were originally established can be definitely determined, are conclusive, without regard to whether they were located correctly or not. And where defendant undertook to establish from the Government field notes, monuments and living witnesses the location of a corner established by the Government, and plaintiffs proceeded on the theory that such corner was lost and introduced evidence tending to show it had been established at a place which showed the land to belong to them, and the issue being which was the true Government corner, and the evidence as to both being substantial, though much in conflict, a finding by the trial court sitting as a jury in favor of defendant is conclusive of that issue on appeal.

Appeal from Oregon Circuit Court.—*Hon. W. N. Evans*, Judge.

AFFIRMED.

*S. M. Meeks* and *O. L. Haydon* for appellants.

(1) The order of applying description of boundaries is: First, to natural objects; second, to artificial marks; third, to courses and distances given in the deed. Whitehead v. Ragan, 106 Mo. 236. (2) In establishing section lines, the witness of trees and monuments of the original surveys made by the United

States government, no matter how inaccurate they may be, control over more recent surveys, though the latter may clearly show that the former were grossly errone- ous. Mayor of Liberty v. Burns, 114 Mo. 430. (3) Known and fixed monuments will control though they conflict with courses and distances, even where there are two fixed artificial monuments in conflict with each other and both entitled to the same credit and value as a monument. In such case of ambiguity the one should be taken which corresponds with the descriptions and distances. Ziebold v. Foster, 118 Mo. 355. (4) The primary object to be attained in the establishment of lost corners is to put them, if practicable, in the exact spot they were put by the Government, and this object can best be accomplished when all traces of the corners are gone and there is no fixed monument called for, by observing the courses and distances called for in the field notes of the original Government survey. Major v. Watson, 73 Mo. 66.

*E. P. Dorris* for respondent.

So long as the monuments placed upon the earth's surface by the United States surveyors can be identi- fied, there are no lost corners, and they control, no matter what more recent surveys, by courses and dis- tances disclose. Jacobs v. Moesley, 91 Mo. 464; Knight v. Elliott, 57 Mo. 317. Measurements must yield to the true location controlled by the Government's monu- ments, as indicated in the records. Brown v. Carthage, 128 Mo. 10. A Government corner must prevail over distances in the ascertainment of the true line. Mining & Smelting Co. v. Davis, 156 Mo. 422; Campbell v. Clark, 8 Mo. 553. Government corners must prevail. Major v. Watson, 73 Mo. 661; Carter v. Hornback, 139 Mo. 238; Climer v. Wallace, 28 Mo. 556; Mayor of Liberty v. Burns, 114 Mo. 426. Field notes of the Government surveyors will control in ascertaining

location of corners and boundary lines, even when the established corner by the surveyor cannot be found. Bradshaw v. Edelin, 194 Mo. 640. Government surveys are conclusive. Frederitzie v. Boeker, 193 Mo. 229. Conflict between plat and actual survey is controlled by the survey. McKinney v. Doane, 155 Mo. 289. Original corners as established by the government surveyors, if they can be found, or the places where they were originally established, if they can be definitely determined, are conclusive, without regard to whether they were located correctly or not. 5 Cyc. 873. The general duty of a surveyor in instances like this are plain enough; he is not to assume that a monument is lost until after he has thoroughly sifted the evidence and found himself unable to trace it, and exhausted every recourse to which surveyors have access, as the original Government surveys must govern. Stewart v. Carlton, 31 Mich. 270; Diehl v. Zanger, 39 Mich. 601; Dupont v. Sparring, 42 Mich. 492. The evidence overwhelmingly supports the judgment, but if the evidence in any material particular is viewed as conflicting, the finding of the trial court will not be disturbed on appeal. Cole v. Mueller, 187 Mo. 638.

GRAVES, P. J.—Action in ejectment for a small triangular strip of ground, embracing about ten acres in section 23, township 23 north, range 3 west, in Oregon county. The petition thus describes the disputed strip:

"A strip on the north side thereof being a strip described as follows, to-wit: Beginning at a point about 100 yards south of the northeast corner of said section 23, running west on a direct line to the northwest corner of the northwest quarter of the northeast quarter of said section 23, thence east along the north side of said section to the northeast corner of said section 23, thence south to the place of beginning."

Ouster was alleged as of "—— day of ——————, 1910," damages claimed in the sum of fifty dollars, with monthly rents and profits fixed at one dollar per month.

By answer the defendant (1) admitted that he was in possession, but denied all other matters in the petition claimed, and (2) the defendant thus sayeth:

"Defendant further answering says that he is the owner and claims possession of the premises in question according to the true Government corner and corners and survey by the United States made and established, affecting said premises and has possession of said premises holding and claiming to the true corners and boundary lines thereof, according to the Government survey, exercising rights of ownership over the same and using it in connection with his adjoining farm, of which the land in question forms a part, for over twenty years. That last May he fenced said premises to the Government corner and boundary line, and has heretofore used the same in connection with his said farm and exercised acts of ownership over the same, and has had more than ten years' open, adverse, continuous and peaceable possession of the same, prior to the filing of this suit; that plaintiffs, and those under whom they claim said premises, have recognized the same corners and boundary line affecting said premises, for over twenty years, as defendant now and has always claimed, and partly fenced to the same and acquiesced in the same and are estopped to deny the same as the true corners and boundary lines affecting said premises.

"Wherefore, defendant having fully answered, asks to be discharged with costs."

The record shows no reply, but the cause seems to have proceeded as if one had been filed. Upon a trial before the court without the intervention of a jury, judgment was entered for defendant from which the plaintiff has appealed.

The attached plat will show the land in dispute and help illustrate the subject. Defendant claims that the line marked "Heiskell Line" is the one established by the United States Government, and plaintiffs claim that the "Simpson Survey" is the line established by the United States Government. The case narrows to this issue.

## TOWNSHIP 23, RANGE 3

I. This is an action at law tried before the court without the intervention of a jury. In such cases the findings of the court as to facts is upon the same plane as the findings of a jury in law cases, i. e., that such findings will not be disturbed upon appeal if they are supported by substantial evidence, or the evidence is conflicting. In one of the more recent cases, Smith v. Royse, 165 Mo. l. c. 657, BRACE, P. J., said:

Appellate, Practice: Findings of Fact.

"The case was tried before the court without a jury. The declarations of law made by the court at the close of the case are not excepted to or brought here, and no exception is taken to any action of the court on the trial. The only objections urged to the judgment on this appeal are that the evidence did not affirmatively show that the plaintiff was an heir at law of William Downey, who died seized of the land, and that the damages are excessive. All the evidence in the case is brought here and we are asked to review it, and upon it, we are asked to find against the circuit court upon these two points and reverse the judgment.

"This is purely an action at law, in which we are not called upon to determine the weight of the evidence. The finding of the trial court is final upon that question. [State ex rel. v. County Court, 51 Mo. 522; Hamilton v. Boggess, 63 Mo. 233; Gaines v. Fender, 82 Mo. 497; State ex rel. Watson v. Harper, 83 Mo. 670; Mays v. Pryce, 95 Mo. 603; Bartlett v. Kauder, 97 Mo. 356; Hahn v. Cotton, 136 Mo. 216; Sutter v. Raeder, 149 Mo. 297; Zimmerman v. Railway Co., 156 Mo. 561.]"

The same question is likewise touched upon by the same learned jurist in Comer v. Statham, 173 Mo. l. c. 248. Keeping in view this doctrine of the law this case is much simplified.

II. In the case at bar, the respondent clearly planted his claim to the disputed strip of land upon the fact of there being clear evidence of the Government corner of sections 13, 14, 23, and 24, township 23, range 3 west, in Oregon county. By this evidence he undertook to establish from the Government field notes, monuments and living witnesses the location of that established corner. On the contrary, appellants proceeded as if such corner was a lost corner, and introduced their evidence as tending to show where the corner should be. This was the battle line below, and must be the seat of war here. If the Government

corner was established where respondent's evidence tends to show it to have been established, then the finding *nisi* was correct. This was a question of fact for the court to find, which was found in favor of respondent. When so found upon substantial evidence, this court will not, under the authorities cited in our paragraph one review the facts. The evidence of the respondent was substantial upon this question and the finding *nisi* is binding here. In 5 Cyc. 873 it is said:

"Original corners as established by the Government surveyors, if they can be found, or the places where they were originally established, if they can be definitely determined, are conclusive, without regard to whether they were located correctly or not."

This doctrine is thoroughly recognized in Missouri: Campbell v. Clark, 8 Mo. 553; Knight v. Elliott, 57 Mo. 317; Jacobs v. Moseley, 91 Mo. l. c. 464; Granby Mining and Smelting Co. v. Davis, 156 Mo. 422; Brown v. City of Carthage, 128 Mo. 10; Frederitzie v. Boeker, 193 Mo. 228.

Reverting to the plat, which is made a part of the statement, respondent claims the Government corner was established at the intersection on the Heiskell line, whilst the appellant claims that such Government corner was or should be at the intersection of the Simpson line or survey. Upon these two disputed questions, there is much conflict of evidence. For respondent the evidence tended strongly to show that the original Government corner was at the intersection on the Heiskell line. If that intersection was the corner established by the Government, then no amount of measurements can change it, and it fixes the boundary line. In finding for the respondent the trial court had to find that the intersection of the Heiskell line was the true and original Government corner. This finding has substantial evidence in the record to support it, and this court cannot interfere with such finding of facts.

No instruction was asked or refused, and we have the simple question as above indicated. The judgment must be affirmed and it is so ordered. All concur.