A. F. EVANS, Respondent, v. DUGAN CUT STONE COMPANY, Appellant.

Kansas City Court of Appeals, May 29, 1899.

1. **Sales**: QUANTUM MERUIT: PLEADING: RULE OF RECOVERY. A vendor's petition to recover the price of a rock crusher is examined and held to declare for the recovery of the contract price less damages by the failure of warranty and not on the contract.

2. **Appellate Practice**: INSTRUCTION: ESTOPPEL. Where the record shows that at the trial appellant considered the correctness of an instruction in regard to damages, he can not complain thereof in the appellate court.

*Appeal from the Jackson Circuit Court.*—HON. J. W. HENRY, Judge.

AFFIRMED.

I. N. WATSON for appellant.

(1) Plaintiff sued on a special contract, and he was allowed to recover on *quantum meruit*. Plaintiff was entitled to recover the balance due on the contract price or nothing. Crapson v. Wallace Bros., 71 Mo. App. 682. Under

this authority plaintiff was not entitled to recover at all in this action, but he should have sued on *quantum meruit*.

R. H. FIELD for respondent.

(1) The decision in Crapson v. Wallace Bros., 71 Mo. App. 682, the sole authority cited by appellant in his brief, has not the slightest application to this case. If the contract in question here read that the machinery in question should, when set up by plaintiff, be in "first-class condition as represented and guaranteed in the writing or no charge should be made therefor," then the decision in the case of Crapson v. Wallace Bros. would apply and the court would be authorized in holding that the transaction amounted to a gift from plaintiff to defendant, but there is no such clause, and there was no such understanding by either of the parties in the contract in question. (2) It is unnecessary to contend with the defendant upon the proposition that the plaintiff's petition is based solely upon the written contract between the parties and is in no sense a *quantum meruit* claim. While there may be found in decisions scattering statements that a *quantum meruit* action may be maintained in such cases, we find no authority for the proposition of defendant that an action must be a *quantum meruit* in form to recover the purchase money of personal property that is not of the kind and quality sold or guaranteed, where it is retained by the vendee, as in this case, after knowledge of its true quality and character. The recognized rights of a vendor are clearly the contrary. Branson v. Turner, 77 Mo. 489; Armstrong, Gilbert & Co. v. Tobacco Co., 41 Mo. App. 255; Henry v. Magee, etc. Mfg. Co., 42 Mo. App. 307; Scott v. Raymond, 31 Minn. 437; Polhemus v. Heiman, 45 Cal. 573; Suder v. Bleistein, 115 N. Y. 318-324; Lumber Co. v. Warner, 93 Mo. 374-386; Fisher v. Sumado, 1 Campbell (Eng.), 193; Pardow v. Webb, 1 Carr and Mar. (Eng.) 531; Haase v. Nonnemacher, 21 Minn. 486;

Yeats v. Ballentine, 56 Mo. 530; Grand Lodge v. Knox, 20 Mo. 433.

GILL, J.—Plaintiff brought this suit to recover $600 as the alleged balance due on a rock crusher which one Holmes sold to defendant—Holmes having assigned the claim to plaintiff. The original purchase price of the machine was $1,200, half of which defendant paid about the date of sale and delivery. To defeat the action defendant relied on the breach of the written warranty made by Holmes at the time of the sale to the effect that the machine was in first class condition. The pleadings (both petition and answer) admitted that the machine was not in first-class condition.

After the introduction of evidence, by both parties, tending to prove the nature and extent of the defects in the machine, the court instructed the jury that if they found "the machinery in question was not in first-class condition at the time the same was delivered by Holmes to defendant, then the jury can only find for plaintiff the balance, if any, remaining due on the contract price, after deducting therefrom such sum as equaled the reasonable and fair cost of putting such machinery at the time of the sale in first-class condition as required by the contract."

The jury found for the plaintiff, reducing the claim however, from $600 to $300, and from a verdict and judgment for $300 defendant appealed.

I.    The sole matter complained of is, according to defendant's brief, that plaintiff was permitted to recover on *quantum meruit* whereas he sued on a special contract. It must be conceded that plaintiff's petition is somewhat indefinite. It is not altogether clear whether the pleader meant to rely on a special contract for the sale of an article of a certain kind and for which the vendor was to receive a stipulated price or whether it was meant to sue for a balance due on the sale of a machine which though not of the quality

SALES: quantum meruit: pleading: rule of recovery.

sold, had yet been taken and used by the vendee and for which he ought to pay the contract price less whatever said vendee was damaged by failure of the warranty. A close examination of the petition however shows that the plaintiff intended the latter as his basis of recovery. As already stated the petition alleges, in effect, that the machine was not up to the terms of the contract of sale—was defective, and so the defendant understood it, for in the answer defendant "admits said rock crusher, engine, etc., were not in first-class condition as called for in said contract." In short the pleadings and evidence are all on the theory that plaintiff's assignor had delivered to defendant a machine to some extent imperfect and not up to the grade contracted for, and the matter on trial was how much should defendant be allowed in reduction of the contract price.

Defendant's counsel is correct on the general proposition that a plaintiff can not sue on a special contract and recover on a *quantum meruit.* But that is not this case. This is where the plaintiff seeks to recover notwithstanding the machine did not exactly fill the requirements of the special contract. In Benjamin on Sales, page 867, the prevailing rule is said to be, that "in order to prevent circuity of action, a buyer, when sued for the price may rely upon a breach of warranty as a defense *pro tanto,* and so reduce the amount of plaintiff's recovery; or, if the article is entirely worthless, defeat the whole claim." To the same effect is Branson v. Turner, 77 Mo. 489, where two remedies are said to be open to the vendee in a case like this. He might return the property because not of the quality contracted for, and thereby rescind the sale; or he could retain the same, as here, and when sued for the purchase price plead and prove a total or partial failure of consideration. As expressed in the syllabus: "Where there is a breach of warranty, the vendee may return the property and rescind the contract within a reasonable time, or he may retain it and when sued for the purchase money

plead a total or partial failure of consideration." This was the theory upon which the case at bar was tried. The jury found that defendant was entitled to recoup from the purchase price the sum of $300, because the machine was not of the quality or condition warranted and plaintiff was only allowed to recover the balance.

Defendant is in no condition to complain as to the measure of damages declared in plaintiff's first instruction. At the trial defendant, by its attorney, and in open court, conceded the correctness of the instruction in that respect. Defendant there admitted, as the record reads, "that if plaintiff was entitled to recover at all, the measure of damages as stated in plaintiff's instruction number 1 was correct."

APPELLATE practice: instruction: estoppel.

It seems to us that the defendant has had a fair trial, that the ends of justice have been reached, and we therefore affirm the judgment. All concur.