PHILLIP DECKER, Appellant, v. SCHOOL DIS-
TRICT NO. 2, Respondent.

**St. Louis Court of Appeals, April 28, 1903.**

1. **School District:** SUIT AGAINST: ASSUMPSIT. The board
of school directors met and on settlement found that Decker had
furnished $109 worth of lumber, and that he should be paid for
it, and at the time was paid five dollars and a duebill given for
the balance of the account, *held,* that the district was liable for
the amount due with six per cent interest per annum, from the
date of the settlement.

2. ———: ———: SCHOOL BOARD WILL BIND DISTRICT,
WHEN. When all the members of a school board meet at some
place in the district, whether in obedience to notice or by accident,
they may, if they choose, hold a board meeting and proceed to
transact any ordinary business pertaining to the district, and a
failure on their part to make and preserve minutes of their
proceedings will not affect the rights of a party with whom they
have made a valid settlement at such meeting.

Appeal from Douglas Circuit Court.—*Hon. Geo. W.
Thornberry,* Judge.

REVERSED AND REMANDED *(with directions).*

*A. H. Livingston* and *A. H. Buchanan* for appellant.

That the district received and used appellant's lum-
ber in erecting its schoolhouse is not denied; and that
the house belongs to the school district and is being used
by it for school purposes. Under this state of facts the
question is, can the district avoid liability on the ground
that the lumber was obtained without a strict compli-
ance with the letter of the statute in making such con-
tracts? The general rule is, and ever has been, that
municipal corporations may be liable in actions of tres-
pass, trover or conversion, in cases where they have ta-
ken or received the property of an individual and used
it for corporate purposes; and they are certainly liable
where they obtain property under contract, although

such contract may not be made within the strict letter of the statute. There is no reason, rule or authority that will exempt the district from liability in this case. The proposition is so well settled in this State that argument is superfluous. McClure Bros. v. School Dist., 79 Mo. App. 80, and authorities there cited.

No brief for respondent.

BLAND, P. J.—Omitting caption and signatures the pleadings in the cause are as follows:

### "Petition.

"Plaintiff states that the defendant is a school district and corporation organized under the laws of the State of Missouri; that Byron Johnson, A. R. Colburn and E. S. Moore constitute the legal board of directors of said school district, and that heretofore, to-wit, on the fourteenth day of August, 1900, the plaintiff and defendant had an accounting and thereupon it was found and agreed by and between the plaintiff and defendant that there was due and owing from the defendant to the plaintiff a balance of one hundred and nine dollars for lumber furnished by plaintiff to defendant, which said sum and balance the defendant then and there promised and agreed to pay to plaintiff, but the same has not been paid, nor any part thereof, except the sum of five dollars which was paid on the fourteenth day of August, 1900.

"Wherefore plaintiff prays judgment for the sum of one hundred and four dollars and interest thereon from the said fourteenth day of August, 1900, together with costs of suit."

### "Answer.

"Comes now the defendant and for answer to plaintiff's petition admits that it is a school district, duly organized under the laws of the State of Missouri, and

further admits that Byron Johnson, A. R. Colburn and E. S. Moore now constitute its legally qualified board of directors, but denies each and every other allegation in said petition.''

The evidence is that the directors of the school district entered into a valid contract with Decker (plaintiff) whereby Decker agreed to furnish the material and build a schoolhouse for the district for $312, and to have the house completed by the fifth day of July, 1900. It appears that it was mutually understood by the parties that one Kirkman was to do the carpenter work in the construction of the house, but he was not a party to the contract. Decker delivered $109 worth of lumber, but Kirkman did not appear to put up the house. By consent of Decker and the board of directors of the school district the latter had the house built by other parties, using the lumber that Decker had furnished. After the house was completed, Decker and the members of the school board met and had a settlement of Decker's lumber account; in the settlement it was agreed that he had furnished $109 worth of lumber and that he should receive pay for it, and was paid at the time $5, and given a duebill for the balance of the account ($104) signed in the name of the school district by the three directors.

It is in evidence that the building of the house, including Decker's account for lumber, exceeded somewhat the bid of Decker to furnish the material and build it for $312.

The issues were submitted to the court who, on the evidence, of which the foregoing is a synopsis, found the issues for the defendant.

1. It is well settled law that if a contractor furnishes material, or performs labor under a contract to erect a building on the lands of another which is used by, and is of value to, the property-owner, the owner must pay the reasonable value of such material or labor, not to exceed the contract price, though the con-

tractor has failed to fully perform his contract, and that if the contractee is damaged by the failure of the contractor to perform his part of the contract, he may, in a suit by the contractor to recover the value of his material and labor, recoup such damages, but to enable him to recoup these damages the contract and the damages must be specially pleaded. No such plea was made by the defendant in this case. Murray v. Crooks, 79 Mo. App. 89; Lumber Co. v. Snyder, 65 Mo. App. 569; Stewart v. Fulton, 31 Mo. 59; Lee & Dolen v. Ashbrook, 14 Mo. 378.

2. It was competent for the district to waive its right to recoup the damages.

The evidence shows that the three directors got together, consulted together and agreed to pay plaintiff for the lumber and that they had a settlement with plaintiff of his account, in which settlement it was ascertained and mutually agreed by and between the directors and the plaintiff that the school district was indebted to plaintiff in the sum of $109; such a settlement is binding on the parties, unless set aside for fraud or mistake. McKeen v. Bank, 74 Mo. App. 281; Marmon v. Waller, 53 Mo. App. 610.

But it is contended by the defendant that the meeting of the directors was an informal one, that they did not meet as a board, but merely as individuals, when they made the settlement with the plaintiff; that no minutes of the proceedings were made or preserved, and therefore the district is not bound by their individual action. The statute requires the directors of a school district to meet within four days after the annual school meeting in April in each year for the purpose of organizing the board (section 9761, R. S. 1899). A board of directors is not required to hold stated meetings, or to meet at any particular time or place. A majority constitutes a quorum, but the statute requires that each member shall have notice of the time, place and purpose of the meeting and that minutes of each meeting shall be

kept by the clerk of the board or, if he be absent, by some member of the board. Section 9761, supra. It seems to us that when all the members of a school board meet at some place in the district, whether in obedience to notice or by accident, they may, if they choose, hold a board meeting and proceed to transact any ordinary business pertaining to the district and that a failure on their part to make and preserve minutes of their proceedings will not affect the rights of a party with whom they have made a valid settlement at such meeting.

The evidence conclusively shows that, in making the settlement of plaintiff's account with him, they did not act individually but collectively and as the board of directors of the school district, and we think the district is conclusively bound by their action on that occasion.

It follows that the judgment must be reversed and the cause remanded with directions to the trial court to enter judgment for plaintiff for $104, with six per cent interest per annum thereon from August 14, 1900, the date when the settlement was made and the account stated. *Reyburn* and *Goode, JJ.,* concur.