MONARCH METAL WEATHER-STRIP COMPANY, Respondent, v. MICHAEL J. HANICK, Appellant.

St. Louis Court of Appeals, April 8, 1913.

1. **SALES: Nonconformity to Contract: Quantum Meruit.** Where goods that do not conform to the requirements of the contract are retained by the buyer without an offer to return them within a reasonable time, the seller is entitled to recover their reasonable value, not exceeding the purchase price.

2. ——: ——: ——: **Instructions.** In an action on a *quantum meruit*, for the reasonable value of goods sold and delivered, defended on the theory that the goods furnished were not in accordance with the requirements of the contract and were of no value, *held* that the instructions given were correct.

3. ——: ——: **Remedies of Buyer.** The purchaser of a chattel may, within a reasonable time, reject it, if it does not conform to the requirements of the contract, and thus defeat the seller's right of recovery entirely, or he may retain it and sue for a breach of warranty, or he may retain it and recoup his damages when sued for the purchase price.

4. ——: ——: ——. A buyer who retains goods that do not conform to the requirements of the contract, after a reasonable time has elapsed, thereby waives his right to reject them altogether, and must rely alone upon his right to sue for breach of warranty or to recoup his damages when sued for the purchase price.

5. ——: ——: ——: **Pleading.** In an action for the reasonable value of goods sold and delivered, defendant cannot recover damages, by way of counterclaim or recoupment, for nonconformity of the goods to contract requirements, unless he lays a claim therefor in his answer.

6. ——: ——: ——: ——: **Instructions.** In an action for the reasonable value of goods sold and delivered, where

defendant set up in his answer, as a complete bar to plaintiff's recovery, that they did not comply with the contract and were of no value to him, and that plaintiff's action should be dismissed, an instruction authorizing a recovery for plaintiff was not erroneous because it failed to direct that the recovery be diminished in the amount defendant was damaged by noncompliance with the contract, since that issue, not being pleaded, was not in the case.

7. ————: **Nonconformity to Contract: Quantum Meruit: Evidence of Reasonable Value.** In an action for goods sold, which did not conform to contract requirements; but for which the seller is entitled to recover the reasonable value, not exceeding the contract price, a showing of the contract price is a prima facie showing of the reasonable value, devolving upon the buyer the burden of showing the contrary.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm,* Judge.

AFFIRMED.

*Claud D. Hall* for appellant.

(1) Plaintiff's instruction number 2 was improper. Bradner v. Powder Co., 115 Mo. App. 114; Light & Heat Co. v. Dowd, 47 Mo. App. 439; Woodward v. Donnell, 146 Mo. App. 119; Yeates v. Ballentine, 56 Mo. 530; Fleishman v. Miller, 38 Mo. App. 177; Austin v. Keating, 21 Mo. App. 30; Heman v. Improvement Co., 58 Mo. App. 480; Miller v. Gillik, 66 Mo. App. 506; Clapper v. Mendall, 96 Mo. App. 40; The Brabo, 33 Fed. 884; Mabrey v. Gravel Road Co., 92 Mo. App. 596; Wyatt v. Herring, 90 Mich. 58; Ahern v. Boyce, 19 Mo. App. 556; Foundry & Machine Co. v. Goodwin Mfg. Co., 100 Mo. App. 420. (2) The court erred in refusing to give instruction number B requested by the defendant to the effect that plaintiff could recover only a nominal amount. Light & Heat Co. v. Dowd, 47 Mo. App. 439, and cases cited above under point 1. (3) The court erred in giving instruction number H requested by the defendant. Light & Heat Co. v. Dowd, 47 Mo. App. 439; Yeates v. Ballen-

tine, 56 Mo. 530, and cases cited above under point 1.
(4) The court erred in refusing to give instruction
number 1 requested by defendant. Light & Heat Co.
v. Dowd, 47 Mo. App. 439; Yeates v. Ballentine, 56
Mo. 530, and cases cited above under point 1. (5) The
court erred in giving instruction number 1, of its
own motion. Light & Heat Co. v. Dowd, 47 Mo. App.
439; Yeates v. Ballentine, 56 Mo. 530; Fleischman v.
Miller, 38 Mo. App. 177; Austin v. Keating, 21 Mo.
App. 30; Heman v. Improvement Co., 58 Mo. App.
480; Miller v. Gillik, 66 Mo. App. 500. (6) The court
erred in giving instruction number 4 of its own motion.
Light & Heat Co. v. Dowd, 47 Mo. App. 439; Yeates v.
Ballentine, 56 Mo. 530; Clapper v. Mendall, 96 Mo.
App. 40; Bradner v. Powder Co., 115 Mo. App. 114;
and cases cited under point 1. (7) the verdict was
excessive.

*T. Percy Carr* for respondent.

(1) Defendant's failure to notify plaintiff and
offer to return the screens within a reasonable time
after delivery amounts to a qualified acceptance, and
defendant hereby became liable for their reasonable
value. Gaus v. Magee, 42 Mo. App. 314; Johnson v.
Agricultural Co., 20 Mo. App. 102; Brannon v. Tur-
ner, 77 Mo. 489. (2) The contract price furnishes the
prima facie measure of plaintiff's recovery. Rude v.
Mitchell, 97 Mo. 370; Moore v. Gaus & Sons, Mfg. Co.,
113 Mo. 108; Williams v. Railroad, 112 Mo. 494; Iron
v. Halverson, 48 Mo. App. 391; Redman v. Adams,
165 Mo. 70; Brannon v. Turner, 77 Mo. 495; Roth v.
Wire Co., 94 Mo. App. 269-70; 35 Cyc. 370-71; Dan-
forth v. Crookshanks, 68 Mo. App. 311. (3) Plaintiff
having proved the delivery and acceptance of the
screens, and thereby having made out a prima facie
case entitling it to a recovery of the contract price,
the onus was on the defendant by evidence to reduce

the plaintiff's prima facie measure of recovery. Brannon v. Turner, 77 Mo. 495; Roth v. Wire Co., 94 Mo. App. 269; Fairbanks v. Mfg. Co., 105 Mo. App. 654; Calhoun v. Paule, 26 Mo. App. 283; 35 Cyc. 565-6; Benjamin on Sales (5 Ed.) 1007-8; Dean v. Ritter, 18 Mo. 182; Webb v. Coonce, 11 Mo. 9; Pond v. Wyman, 15 Mo. 175; Nearns v. Harbert, 25 Mo. 352; Steubey v. Gebhart, 41 Mo. 519; Mills v. Boot & Shoe Co., 26 Mo. App. 61; Koenigkraemer v. Glass Co., 24 Mo. App. 124; Boland v. Quarry Co., 127 Mo. 520; Steadley v. Stuckey, 113 Mo. App. 582; Brown v. Welden, 27 Mo. App. 265. (4) Defendant has not pleaded or claimed any special damages for alleged failure of plaintiff to perform this contract. Decker v. School District, 101 Mo. App. 115.

NORTONI, J.—This is a suit on *quantum meruit* for the value of certain window and door screens sold and delivered to defendant. Plaintiff recovered and defendant prosecutes the appeal.

But two questions are presented for consideration: First, it is urged plaintiff's instruction is insufficient in that it authorizes a finding without covering the whole cause; and, second, that there is no evidence tending to show the reasonable value of the screens sued for.

It appears plaintiff entered into a contract in writing with defendant whereby it agreed to install certain metal window and door screens in his residence situate in the city of St. Louis, for $260. Afterwards, about the middle of May, plaintiff installed the screens and defendant retained them, though he complained several times that they were not in all respects in accordance with the contract. Plaintiff sent its workmen on two or three occasions to defendant's residence and readjusted the screens, until, according to its evidence, they were finally made perfect in all respects. It appears that defendant retained the screens

and used them all of the time until after this suit was filed on November 20th of the same year. Plaintiff sues on *quantum meruit* for the reasonable value of the screens so installed, that is, the material and workmanship thereabout, not exceeding $260, the contract price.

By his answer defendant first entered a general denial, and then specially pleads that the screens were not constructed and installed in accordance with the contract and were of no value whatever. This defense was interposed as a complete bar to plaintiff's right of recovery, and the answer claims nothing by way of counterclaim or recoupment for damages or by way of diminishing plaintiff's recovery as for a partial failure of consideration.

The record is replete with evidence tending to prove the screens conformed in all respects to the contract and there is ample evidence, too, on the part of defendant to the contrary. However, it appears without dispute that the screens were installed by plaintiff in defendant's residence about the middle of May and that he retained them and continued to use them for the purposes for which they were installed until after the suit was instituted on November 20th. In this state of the evidence, the case seems to have resolved itself into a controversy as to whether or not defendant accepted, retained and used the screens as a substantial compliance with the contract, notwithstanding they may not have in all respects complied precisely therewith, or rejected them within a reasonable time. On this issue, the court instructed for the plaintiff as follows:

"The court instructs you that even if you shall find and believe from the evidence that the workmanship or material furnished by plaintiff was not in accordance with the contract in some particular, still if you shall find and believe from the evidence that the defendant retained the screens and did not return or

offer to return them to plaintiff within a reasonable time after delivery, then the plaintiff is entitled to recover of the defendant the reasonable value of such work and material so furnished by it, notwithstanding the same were not in accordance with said contract as aforesaid; and in such case your verdict should be in favor of the plaintiff for such reasonable value, not exceeding two hundred sixty dollars, together with interest at six per cent from the date of the filing of this suit, namely November 20, 1909.''

The defendant asked, and the court gave, with a modification, the following instruction, on his theory of the case:

''The court instructs the jury that if they find and believe from the evidence that plaintiff entered into a contract with defendant to furnish and install throughout a residence for a stipulated price, the screens, for the reasonable value of which plaintiff is suing, then it was the duty of plaintiff to substantially comply with the terms of said contract (if such contract was so entered into) ; and if you further find and believe from the evidence that plaintiff failed to substantially comply with the terms of such contract, and that such failure (if plaintiff did so fail) was not due to any fault or hindrance on the part of the defendant, and if you further find from the evidence that defendant did not accept any part of said screens and did not appropriate any part thereof to his own use and benefit, *but within a reasonable time after their delivery to him, notified the plaintiff that he rejected them,* then your verdict herein must be for the defendant.

The words italicized in this instruction are those added by the court and constitute its modification to the instruction as requested.   Obviously the modification was a proper one in the circumstances of the case.   It is clear that these two instructions properly submitted the issue to the jury.

But it is argued on the part of defendant the instruction above copied and given at the instance of plaintiff is erroneous, in that it omits to reckon with the fact that defendant was entitled to have the recovery diminished in his favor, in so far as he suffered damages, because the screens were insufficient or failed to comply with the contract. The proposition is, that though plaintiff may have a right to recover the reasonable value of the screens, defendant is entitled to have the amount of the recovery diminished in so far as he was damaged by their failure to meet the contract requirements and that a recovery may be allowed only for the reasonable value thus mitigated. There can be no doubt that the vendee may, within a reasonable time, reject a chattel if it does not comply with the contract requirements and thus defeat the right of recovery therefor entirely, or he may retain it and sue for a breach of the warranty, or recoup for damages when sued for the purchase money. However, if he retains the chattel after a reasonable time has elapsed, he waives his right to reject it altogether, and must rely alone upon his right to sue for the breach of warranty or recoup for damages in a suit for the purchase price as if a partial failure of consideration appeared. [See Gaus, etc., Mfg. Co. v. Magee, etc., Co., 42 Mo. 307.] But if he retains the chattel and seeks to have damages allowed by way of counterclaim, recoupment or as if a partial failure of consideration obtained in the case, he must lay a claim thereto in his answer. [See 35 Cyc. 541; Decker v. School District, 101 Mo. App. 115, 118, 74 S. W. 390; Emery v. Boehmer Shoe Co., 167 Mo. App. 703, 151 S. W. 174; Brown v. Weldon, 27 Mo. App. 251; s. c. 99 Mo. 564, 13 S. W. 342.] In the instant case, no such claim is laid in the answer. The answer sets forth that the screens in no respect complied with the contract and concludes as follows: ''Wherefore, defendant says that he is not indebted to plaintiff what-

ever, as said screens are of no value to defendant.
Having fully answered, defendant asks to be hence
dismissed with its costs." The breach of contract
here interposed by the answer is relied upon as a com-
plete bar to plaintiff's right of recovery and in no
sense prays a recoupment or that the recovery for the
reasonable value of the screens be diminished on ac-
count of the breach of contract in respect of manufact-
uring and installing them. Obviously that matter was
not in the case, for defendant had a right to waive its
claim for a recoupment of damages or for a diminished
recovery, if he saw fit, and put the matter forward as a
complete bar to plaintiff's cause of action as he did.
[See Decker v. School District, 101 Mo. App. 115, 118,
74 S. W. 390.] It therefore appears that plaintiff's
instruction is not to be condemned for failing to reckon
with this matter which was not in judgment, for the
reason it was not claimed in the answer.

It may be said, too, that in none of the several
instructions requested by defendant at the trial was
the matter of diminishing the recovery by allowing
damages to him put forward in the case. The prop-
osition is nowhere suggested by defendant in either
the answer or instructions and the defense relied alone
upon a complete bar.

There is no pointed and direct evidence as to the
reasonable value of the screens, but, notwithstanding
this, the jury awarded plaintiff a verdict for $260, or
the contract price, together with interest thereon from
the date of filing the suit. It is urged the judgment
should be reversed for the reason the court should
not have submitted the matter of the reasonable value
of the screens without evidence thereon. However, the
contract whereby plaintiff undertook to manufacture
and install the screens for $260 was introduced in
evidence and this alone was sufficient for the prima
facie purpose of the case. After so much was shown
on the part of plaintiff, it was competent for defend-

ant to show that, although such was the agreed value, it was not the reasonable value of the screens, for it is the reasonable value, not exceeding the contract price, and not the contract price, which must control. But when the contract price is shown, it is regarded as a sufficient showing, prima facie, touching the reasonable value, and devolves the burden upon defendant to show the contrary. [Redman v. Adams, 165 Mo. 60, 70, 65 S. W. 300; see, also, Rude v. Mitchell, 97 Mo. 365, 11 S. W. 225; 35 Cyc. 541.]

The judgment should be affirmed. It is so ordered. *Reynolds, P .J.,* concurs. *Allen, J.,* having been of counsel, is not sitting.