### In re STATES PRINTING CO.

### SCHOENBROD v. CENTRAL TRUST CO. OF ILLINOIS.

(Circuit Court of Appeals, Seventh Circuit. December 8, 1916. Rehearing Denied January 24, 1917.)

#### No. 2385.

1. BANKRUPTCY ⬧166(4)—PREFERENCES—KNOWLEDGE OF INSOLVENCY.

Under Bankr. Act July 1, 1898, c. 541, § 60b, 30 Stat. 562 (Comp. St. 1913, § 9644), making void a transfer within four months before the filing of the petition in bankruptcy, if the bankrupt was then insolvent, and the transfer operated as a preference, and the person receiving it had reasonable cause to believe that it would effect a preference, it is not necessary that the creditor actually knew that the debtor was insolvent, but the preference is void if he had information sufficient to have put an ordinary business man on inquiry as to facts which would show insolvency, and his failure to make such inquiry is no excuse.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 250, 251, 256; Dec. Dig. ⬧166(4).]

2. Bankruptcy ⬤⟶303(3)—Preferences—Knowledge of Insolvency—Evidence.

A creditor to whom an insolvent corporation assigned an account on Sunday, two days after a judgment was recovered against it, and the day before a petition in bankruptcy was filed, *held* chargeable under the evidence with facts sufficient to put him on inquiry, which would have disclosed the insolvency.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 462; Dec. Dig. ⬤⟶303(3).]

Mack, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

In the matter of the States Printing Company, bankrupt. Action by the Central Trust Company of Illinois, trustee in bankruptcy, against Maurice S. Schoenbrod, to set aside an assignment of an open account as a preference. From a decree of the District Court, reversing the order of the referee, and granting the relief asked by the trustee, the creditor appeals. Affirmed.

. Action by trustee in bankruptcy to set aside an assignment of an open account of $2,359.50, executed by bankrupt to appellant on February 27, 1915, to secure a past indebtedness of $4,500. The District Court reversed the order of the referee and granted the relief asked by trustee.

The States Printing Company, engaged in job printing in Chicago, was declared a bankrupt upon petition of the creditors filed March 1, 1915. At that time its debts aggregated $67,854.15, of which $32,664.97 were secured, and of the unsecured obligations $700 were for unpaid taxes and $2,838.24 for unpaid wages. The secured indebtedness was represented by five chattel mortgages, duly recorded, covering all the bankrupt's property. Two of the five were blanket mortgages, and covered everything save four linotypes. The latter machines were covered by a chattel mortgage to the manufacturer. All accounts were assigned as fast as they arose. The business of the company was conducted by the receiver and trustee until it was sold as a going concern for the gross sum of $38,000. One of the unsecured creditors obtained a judgment for $2,000 against the bankrupt on February 26th.

Appellant is the brother-in-law of the president and manager of the bankrupt. Nathan Schoenbrod, his brother and an attorney, had an office in the suite occupied by bankrupt's regular attorneys. It was appellant's brother, and not bankrupt's regular attorney, who drew the assignment in question at the request of the bankrupt's manager, with whom he spoke about the judgment taken the day before. Appellant, a dentist, also residing in Chicago, loaned bankrupt $4,500 a little over a year previous, without taking any note, and without fixing any time for payment either for the interest or the principal. It was for "60 or 90 days, or 4 months, or whenever I need the money," as Schoenbrod expressed it. Several requests for extension of time of payment were granted, and then demands for payment were made; such demands growing more insistent. Creditor stated that he made a request, followed by a statement that "I had to have it." Bankrupt's reply was that he "could not" repay it, and further time was asked, which creditor refused. A few weeks before the adjudication in bankruptcy, appellant was still more insistent.

Schoenbrod had no distinct recollection of time, place, conversation, or circumstances surrounding the delivery of the assignment. In fact, he was not sure whether his brother or his brother-in-law gave the assignment. No conversation was held between the parties at this time, so he says. The relations between appellant and his brother-in-law, president of the bankrupt company, were friendly, and that between the appellant and his brother, the attorney who drew the assignment, were close. The families, all living in Chicago, visited back and forth.

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The referee in bankruptcy in his order found "that the said Maurice S. Schoenbrod did not, at the time of the acceptance of the said assignment, have reasonable grounds to believe that the said bankrupt was insolvent."

Louis J. Blum, of Chicago, Ill., for appellant.
E. C. Tourje, of Chicago, Ill., for appellee.

Before KOHLSTAAT, MACK, and EVANS, Circuit Judges.

EVANS, Circuit Judge (after stating the facts as above). [1] The answer to the following question disposes of this case: Does the evidence justify the order of the District Judge in reversing the order of the referee, based on the finding quoted above?

In support of the referee's order it is urged that, as the referee has seen and heard the witnesses, his finding will not be disturbed, if supported by credible evidence; and it is contended that a finding "on reasonable grounds to believe," as used in section 60b of the Bankrupt Act is a finding of fact. In re Eggert, 102 Fed. 735, 43 C. C. A. 1. But it was not necessary for the court to find the creditor actually knew the bankrupt was insolvent. Nor was appellant's conclusion that he had no ground to believe the bankrupt was insolvent controlling, if an ordinary business man with the same facts would have believed the bankrupt was insolvent. Wright v. Sampter (D. C.) 152 Fed. 196; Pratt v. Columbia Bank (D. C.) 157 Fed. 137.

[2] The facts, from which the ultimate conclusion was to be drawn, were not much in dispute. The issue was a narrow one. Most of the elements necessary to constitute a preference were admitted. The assignor was admittedly insolvent in fact. The assignment admittedly operated to give the appellant a preference. The only remaining element, the issue in dispute, was over the creditor's reasonable ground for belief.

Upon the facts related we believe the ordinary business man, or the "ordinarily intelligent man," would have been put on inquiry to make the investigation, which, if made, would have spelled insolvency. No ordinary business man, with $4,500 of unsecured, past-due indebtedness, unable to force the payment of even a part of it, would have received an assignment from his brother-in-law on a Sunday morning, the day before a petition in bankruptcy was filed, two days after a judgment was taken, without making inquiry, either by an examination of the records, or by questioning the officer, then and there present, and ready and able and willing to give him the information that would have established beyond a doubt the insolvency of the assignor. A creditor is chargeable with certain information though he may have no actual knowledge thereof. Failure actually to investigate will afford no excuse, where the creditor's information was sufficient to have put the ordinary business man upon inquiry. In re McDonald & Sons (D. C.) 178 Fed. 487; Rogers v. Page, 140 Fed. 596, 72 C. C. A. 164; McElvain v. Hardesty, 169 Fed. 31, 94 C. C. A. 399; Huttig Mfg. Co. v. Edwards, 160 Fed. 619, 87 C. C. A. 521.

We cannot escape the conclusion that the answer to the determining question put in the first paragraph must be in the affirmative and

that the District Court was correct in reversing the order of the referee.

The decree is affirmed.

MACK, Circuit Judge (dissenting). The referee saw the witnesses; the conclusions of the District Judge and of this court are based entirely upon the transcript of testimony heard by the referee; I am not prepared to say that the evidence irresistibly points to but one conclusion, that the creditor had reasonable ground to believe this debtor insolvent at the time of the transfer.

---

⊛For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes