ROBERT M. COLE, TRUSTEE IN BANKRUPTCY, ETC., RESPONDENT, v. F. MAYER BOOT & SHOE COMPANY, APPELLANT.*

Kansas City Court of Appeals.   December 5, 1927.

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, section 2835, p. 856, n. 87; section 3057, p. 1068, n. 22; Bankruptcy, 7 CJ, section 248, p. 151, n. 78; section 439, p. 274, n. 49; Trial, 38Cyc, p. 1738, n. 64.

*Groves & Watkins* and *Fred M. Wagner* for respondent.

*Landis & Duncan* for appellant.

ARNOLD, J.—This is a suit in attachment by the trustee in bankruptcy to recover the amount credited by defendant to the account of the consignee for goods and merchandise consisting of a shipment of shoes which were returned by consignee to the defendant.

The facts shown are that the bankrupt George H. Doherty had carried on a general merchandise business at Stanberry in Gentry county, Missouri, under the trade name of Doherty & Doherty. The evidence is not clear whether the business was done under the said trade name, or whether there had previously been a copartnership and that, upon its dissolution, George H. Doherty had continued to use the trade name. It appears, however, that no one other than George H. Doherty was interested in the business at the time of the occurrences giving rise to this suit, although the dealings with defendant seem to have been in the name of Doherty & Doherty.

Defendant, F. Mayer Boot & Shoe Co., is a manufacturer of boots and shoes located at Milwaukee, Wis. It appears that defendant had sold to Doherty, on open account, merchandise in the amount of $499.80. On or about June 12, 1924, said George H. Doherty filed in the District Court of the United States at the St. Joseph Division of the Western District of Missouri, his voluntary petition in bankruptcy, and thereafter was duly adjudged a bankrupt. Plaintiff herein was the duly qualified and acting trustee in bankruptcy of the estate of George H. Doherty, bankrupt.

On June 5, 1924, Doherty was indebted to defendant for goods sold and delivered, in the sum of $432.55. Under date of April 25, 1924, Doherty wrote to defendant as follows:

"Your statement is at hand and in reply. We have had practically no business since February 1st and are unable to meet our bills. We are offering to return your shoes for credit, as some of our creditors are getting very impatient. We have sold very few of them and believe this is the most profitable plan for you, as we appreciate your kind treatment we wish to reciprocate. We are in hopes we can continue in business here in a small way. If so, we may be able to build up again and pay all our indebtedness.

"Yours truly,
"GEO. H. DOHERTY."

To which defendant replied, as follows:

"Replying to yours of April 25th, we are very much surprised at the contents of your letter. The goods for which you now owe us were shipped you a long time ago and the bill is now due. It seems to us you should have written to us a short time ago, if you were in financial trouble.

"While we do not like to accept the return of merchandise, at the same time we do not want to work a hardship upon a customer. If you feel that you cannot possibly pay for the goods we shipped you, you may return them, and in so doing, we expect you to pay

for any of the goods you have sold at this time and also any of the goods you think you could use in the near future. We are going to depend upon you to use and pay for as many of them as you possibly can.''

Pursuant to said letters and without further correspondence, Doherty returned to defendant a shipment of the shoes remaining unsold, at cost price invoice amounting to $433.80. Of this amount ten per cent was deducted by defendant for handling, refinishing and recrating the goods and there was credited to Doherty's account $390.42. After the debtor was adjudged a bankrupt, and stock was inventoried and, later, sold by the trustee in bankruptcy. Defendant made proof of claim showing balance due of $109.38, which was duly presented and allowed against the bankrupt estate.

The petition alleges, in part, as follows:

''Plaintiff further states that on said 5th day of June, 1924, and for many months prior thereto, the said George H. Doherty was insolvent, in that his property at a fair valuation was not sufficient to pay his debts, and the insolvency of the said George H. Doherty was well known by the defendant, its officers and directors, prior to the time said merchandise was returned by the said George H. Doherty to the said defendant in payment of the indebtedness due and owing by said George H. Doherty to said defendant, and that said merchandise was returned to the said F. Mayer Boot & Shoe Company by the said George H. Doherty, bankrupt, with the intention on the part of the said George H. Doherty to prefer said defendant over his other creditors, and the said merchandise was accepted by said defendant at a time when the agents, officers and directors of said defendant knew, or had reasonable cause to believe, that the said George H. Doherty was insolvent, and that said transfer was made within four months prior to the adjudication in bankruptcy of the said George H. Doherty as aforesaid, and that the effect of said transfer enabled the said defendant to secure a greater percentage of the debt due and owing to said defendant by the said George H. Doherty than any of the other creditors of the said George H. Doherty of the same class, and that the defendant, its officers, agents and directors, knew when it received said merchandise from the said George H. Doherty, bankrupt, that it would be benefited by said conveyance, and that the estate of the said George H. Doherty would be thereby lessened, and the said defendant, its officers and agents, then and there knew, or had reasonable cause to believe, that the acceptance of said merchandise would result in a preference, and that said defendant would thereby secure a greater percentage of its debt by reason of the acceptance of said merchandise than any other of the creditors of the said George H. Doherty of the same class.''

The answer admits the corporate *status* of defendant and that plaintiff is the duly qualified trustee of George H. Doherty, bankrupt, and generally denies all other allegations of the petition. The jury returned a verdict for plaintiff in the sum of $390.42, and judgment therefor was accordingly entered.

At the close of the evidence, peremptory instructions were sought by both parties and were refused by the court. A motion for a new trial was unavailing and defendant has appealed.

The first point urged in support of the appeal is that the court erred in refusing to give defendant's instruction in the nature of a demurrer to the evidence. It is insisted (1) there was no substantial evidence which justified submitting the case to the jury, and (2) if there be evidence from which an inference might reasonably be drawn, entitling plaintiff to the relief prayed for, prejudicial errors were committed by the trial court which entitled defendant to have the judgment reversed and the cause remanded.

As we view the record, the main issue in the case is whether or not the defendant had reasonable cause to believe that the enforcement of the return of the merchandise would effect a preference under section 60(b) of the Bankruptcy Act of 1898. If the facts of record attending the return of the merchandise were such as to cause a reasonably prudent man to believe the bankrupt was insolvent, or such as to put such a one on inquiry as to the solvency of the debtor, and such inquiry would have disclosed his insolvency, the transfer is voidable. [In re Star Spring Bed Company, 265 Fed. 133 l. c. 136; In re States Printing Co., 238 Fed. 775; 2 Collier on Bankruptcy (13 Ed.) 1239.] The question as to whether or not defendant had such knowledge was one of fact for the jury. [Newman v. Dry Goods Co., 174 Mo. App. 528, 536; Bassett v. Evans, 253 Fed. 532, 536; Kaufman v. Tredway, 195 U. S. 271; Ridge Ave Bank v. Studheim, 145 Fed. 799, l. c. 800.]

The parties are not agreed as to the exact purpose of the bankrupt's letter of April 25, 1924, to defendant. While it is not within our province to pass upon the weight of the evidence, we are authorized to determine whether or not there is of record evidence of sufficient substantiality to warrant the trial court in submitting the case to the jury. The bankrupt testified in deposition read in evidence, that as a matter of fact, he was insolvent in April at the time he communicated with defendant by letter, stating:

"We have had practically no business since February 1, and are unable to meet our bills . . . some of our creditors are getting very impatient . . . we are in hopes we can continue in business here in a small way. If so, we may be able to build up again and pay all our indebtedness."

Whether these statements were sufficient to put a prudent creditor on inquiry was a question for the wise determination of the jury.

It is true Mr. Sawyer, credit manager of defendant company, testified he had no knowledge that the bankrupt was in financial difficulty at the time the return of the merchandise was arranged. But this is not controlling. If the letter above referred to was of such a nature as to put him on inquiry, he had constructive knowledge of Doherty's insolvency. [Coleman v. Egg Case Co., 186 Fed. 136; Newman v. Dry Goods Co., supra.]

Further, it is insisted there was no showing of the reasonable value of the goods returned. We are unable to agree with defendant on this point. Plaintiff showed the amount of credit given Doherty for the returned merchandise. We think this was a prima-facie showing of the value thereof, and placed the burden upon defendant of showing this was not a reasonable value. No such showing was made. [Monarch Metal Co. v. Hanick, 172 Mo. App. 680, l. c. 688.]

Defendant directs a charge of error against plaintiff's instruction No. 5, stating it did not declare the law. We find this charge to be without merit. The instruction required the jury to find that the defendant had such information as would reasonably cause him to believe the bankrupt was insolvent, or in a failing and insolvent condition. We have covered this point in what we have said above and it is against defendant's contention.

It is insisted plaintiff's instruction No. 1 was not warranted under the facts and was a comment on the evidence. The part complained of is as follows:

"In determining the credibility of the witnesses you shall take into consideration the reasonableness or the unreasonableness of the statements made by any witness, the interest any such witness may have in the result of this suit as shown by the evidence, if any, together with all other facts and circumstances in evidence. The testimony of each and every witness should be viewed by you in the light of reason and your common experience in the affairs of life, and you should give to the testimony of each and every witness just such weight as you may deem it entitled to, under all the facts and circumstances in evidence."

Appellant urges there was no conflict in the evidence and therefore the instruction was not proper. We find this contention to be without merit. Mr. Sawyer testified that notwithstanding the statements contained in the bankrupt's letter, and in Sawyer's reply thereto, he had no knowledge that the bankrupt was in financial difficulties, and had no reason to believe the bankrupt was insolvent. This evidence, taken in connection with bankrupt's letter, was contradictory and the instruction was proper. [Bank v. Studheim, supra.]

In the argument objections are made to other instructions but as the points are not briefed, we shall not consider them. For reasons stated above we find no reversible error of record and the judgment is affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.