Herbert L. BLICKHAN and Hazel E. Walter, limited co-partners d/b/a Blick Manufacturing Co., Ltd., Respondents,

v.

TRANS WORLD AIRLINES, Inc., Appellant.

No. 22546.

Kansas City Court of Appeals.

Missouri.

June 3, 1957.

Ruby D. Garrett, Harold L. Warner, Jr., Kansas City, for appellant.

Len L. Balke, William R. Kelly, Balke, Kelly & Tager, Kansas City, for respondents.

HUNTER, Judge.

This is an appeal from a judgment of the Circuit Court of Jackson County, Missouri, awarding plaintiffs-respondents, Herbert L. Blickhan and Hazel E. Walter, the sum of $4,768.60 plus interest against defendant-appellant Trans World Airlines, Inc. The sum awarded represents the purchase price allegedly owed for 844 spark plug conduit assemblies manufactured by plaintiffs for defendant.

On July 12, 1946, defendant had placed a purchase order with plaintiffs under which plaintiffs were to manufacture to specification and deliver to defendant 1,493 spark plug conduit assemblies which plaintiffs correctly assumed were intended for use on defendant's aircraft engines. The purchase order provided: "Terms of payment of this purchase order are understood to be effective upon arrival at destination and acceptance of material and receipt of invoice."

Following the first delivery of the material in July 1947 defendant rejected the entire shipment, advising plaintiffs that "The fittings on these conduits were found to be badly corroded, the solder was not reamed out of conduit and ferrules were not installed at full depth of bore." Defendant returned all these units to plaintiffs so that they could be reworked or replaced. Plaintiffs did not question defendant's right to do this, and upon receipt of them did rework them and return them to defendant on October 23, 1947. On their return defendant again examined them, declared them to be

still unfit for its use and decided not to cancel their contract but to again return them to plaintiffs for further reworking. Plaintiffs acknowledged defendant's right to reject them and to return them again for reworking, and was willing to rework those still unsatisfactory.

It is at this place that plaintiffs and defendant are in disagreement as to what occurred. Plaintiffs contended at the trial that they received back from defendant only 649 of the 1,493 spark plug conduit assemblies for the second reworking. Defendant contended that it had returned the entire 1,493 assemblies to plaintiffs for the second reworking.

As to the 649 assemblies which both parties agree defendant returned to the plaintiffs for the second reworking, the plaintiffs did rework them, and returned them to defendant who accepted them and paid for them at the contract rate of $5.65 per unit.

Thus, the controversy at the trial as presented by the parties narrowed itself to the disputed 844 units which defendant contended it had returned to plaintiffs for the second reworking, and which plaintiffs denied were returned. Evidence was adduced in support of each party's contention. The trial court gave defendant's offered Instruction No. 6 which presented defendant's contention that it had returned all 1,493 units to the plaintiffs. The jury found against defendant on this instruction.

On this appeal defendant contends the trial court erred in imposing risk of loss of the 844 units on defendant prior to passage of title of those units to defendant. This complaint is leveled at that part of plaintiffs' Instruction No. 1 which permitted plaintiffs to recover if the jury found certain required facts and if it further found that defendant failed to return to plaintiffs for further reworking or replacement a part of said assemblies. Defendant says that the question involved is where goods unfit for use have been twice rejected by the buyers and are lost in course of second return to seller,

on whom does risk of loss fall when the purchase order specifically made "acceptance of material" a condition precedent to buyer's obligation to pay for the goods?

The difficulty with defendant's contention is that it is not in accordance with the theory on which it pleaded and presented its case to the trial court. In its answer to plaintiffs' petition defendant alleged it had returned all 1,493 units to plaintiffs. Throughout the trial its contention was that it had undertaken to return and had returned all 1,493 units to plaintiffs for reworking. Its Instruction No. 6 which the court gave submitted to the jury its contention that it had returned all the units to defendant for reworking. It is well-settled that where both parties present the same issue by instructions, neither can successfully complain that the instructions offered by the other were erroneous. Gary v. Averill, 321 Mo. 840, 12 S.W.2d 747; Kincaid v. Birt, Mo. Sup., 29 S.W.2d 97; Von Eime v. Fuchs, 320 Mo. 746, 8 S.W.2d 824. Further, defendant at no time during the trial either contended or admitted that it had lost any of the units. Thus, no contention of loss or question of risk of loss was before the trial court, and defendant on appeal cannot successfully complain that the trial judge erred in not instructing as to who bore the burden of risk of loss.

Defendant's other contention is that the trial court erred in charging the jury that plaintiffs should recover the full contract price even though the items were defective. This contention is directed against those portions of plaintiffs' given instructions, Nos. 1 and 2, which directed a recovery for plaintiffs in the sum of $5.65 times the number of conduit assemblies found by the jury not to have been returned to plaintiffs, even though the jury might find from the evidence that the workmanship, or material, or both, in these items was defective in some particular or particulars. Defendant cites and relies upon those cases which state the well-settled general rule that a buyer of goods which do not comply with the

contract requirements may, if they have no value for any purpose, retain them and when sued for the purchase price may plead and prove a total failure of consideration. As sometimes stated, if the goods in question have no value for any purpose a tender or an offer to return them by the buyer to the seller is unnecessary and the buyer may when sued for their purchase price plead and prove the total failure of consideration. If the goods have some value, the buyer may retain them and when sued for their purchase price may plead and prove a partial failure of consideration, recoupment, or set off. Branson v. Turner, 77 Mo. 489; Rico v. Peters, Mo.App., 185 S.W. 752; Colt Co. v. Young, Mo.App., 294 S.W. 450; Heuer v. Ulmer, Mo.App., 281 S.W. 2d 320; Murphy v. Gay, 37 Mo. 535, 536; Evans v. Dugan Cut Stone Co., 81 Mo.App. 60; Columbia Weighing Machine Co. v. Young, 222 Mo.App. 144, 4 S.W.2d 828. See also Wade v. Scott, 7 Mo. 509; Monarch Metal Weather-Strip Co. v. Hanick, 172 Mo.App. 680, 155 S.W. 858; International Shoe Co. v. Lipschitz, Mo.App., 72 S.W.2d 122.

■ We are spared any determination of defendant's right to an instruction on total failure of consideration under the peculiar facts of this case for in defendant's offered Instruction No. 6 which the court gave, the jury was instructed if among other things it found that plaintiffs had failed to substantially comply with the terms of the contract due to no fault of the defendant their verdict must be for the defendant. Cf. Riverside Fibre & Paper Co. v. Benedict Paper Co., Mo.App., 201 S.W. 584; Monarch Metal Weather-Strip Co. v. Hanick, supra. Defendant cannot now successfully complain that its own requested instruction did not properly submit the issue of total failure of consideration. We note that the trial court gave all the instructions offered by the defendant.

■ Further, it is established that the defenses of failure of consideration, setoff or recoupment are affirmative defenses.

Section 509.090 RSMo 1949, V.A.M.S., Brush v. Miller, Mo.App., 208 S.W.2d 816; Monarch Metal Weather-Strip Co. v. Hanick, supra; Buss v. Allison Window Glass Co., 146 Mo.App. 71, 123 S.W. 949. Thus where there is properly in a case any question of failure of consideration, setoff or recoupment, the burden of proof is upon the purchaser who has retained the goods and when sued for the purchase price seeks to interpose that defense. Brush v. Miller, supra; Monarch Metal Weather-Strip Co. v. Hanick, supra; 77 C.J.S. Sales § 353, page 1259. In establishing such defense he must both plead and prove the goods have a diminished value because they are not in accordance with the contract and are defective. If he does so he is entitled to have the amount of recovery diminished even to the point of extinguishment in so far as he has been damaged by the failure of the goods to meet the contract requirements. 80 C.J.S. Set-Off and Counterclaim § 2, page 7; Fricke v. W. E. Fuetterer Battery & Supplies Co., 220 Mo.App. 623, 288 S.W. 1000, 1002; Brush v. Miller, supra.

The uncontroverted evidence was that the contract price per unit was $5.65. It is conceded that this is the price defendant paid for all units which admittedly it returned to plaintiffs for the second reworking. Possibly because it was so confident it could prove the return of all the units, defendant did not offer any evidence as to any particular value or diminution of value of the questioned units. Nor did it seek any instruction on that subject. Rather, it relied upon the testimony of its receiving inspector, McAfee, who testified he had inspected the units on their return to defendant after their first reworking. He then said: "We found that the corrosion had not been completely stopped or completely cleaned out around them, and they were still unacceptable for use for that purpose; and also I imagine in the course of cleaning them and all there was a certain amount of damage done to the tubing that goes over the outside of the conduit assembly."

"Q. Will you state whether or not the second time you rejected all or only a part of the spark plug assembly units? A. We rejected them all.

"Q. Did you at the second inspection find all of them that you inspected unsuitable for the use of our airplane engines? A. Yes, sir. * * *

"Q. And you didn't reject them, that is, refuse to accept them, you sent them back for reworking, isn't that right? A. Yes, sir.

"Q. You weren't cancelling your order were you? A. No, sir."

■ Thus defendant did not submit any evidence from which the jury could find that the units had any particular lesser value than the contract price. Defendant made no effort to show whether or not the claimed defects were trivial and cheaply remedied or were substantial and expensive to remedy. It left the entire question of diminution of value to guess and speculation. Thus defendant failed to sustain its burden of proof of showing any claimed diminution of value of the goods because of their alleged failure to be in accordance with the contract requirements. It failed to offer any instruction covering any claimed diminution of value of the questioned units. Having in evidence before it the contract price and with no evidence from which the jury could properly find any other value or any particular diminution of value of the questioned units the trial court did not err in instructing the jury as it did.

For the reasons stated above the judgment of the trial court is affirmed.

All concur.