ISLER, Respondent, *vs.* EGGER & GAUSNER, Appellants.

1. Where a defendant remains in possession of a lot sold to him by the plaintiff, it is no defence to an action on a note given for the purchase money, that the plaintiff, at the time of sale, had no title.

*Appeal from Lvw Commissioner's Court.*

*E. Casselberry,* for appellants.
*D. W. Hill,* for respondent.

RYLAND, Judge, delivered the opinion of the court.

This was an action on a promissory note, by plaintiff against defendants, before a justice of the peace. The plaintiff had judgment. The defendants appealed to the law commissioner's court, where, on a trial, the plaintiff again recovered judg-

ment.   The defendants then appealed to this court.   The note was given for ninety-five dollars, payable twenty-one days after date.   The defendants contend that the consideration of the note had failed, at least in part ; that it was given for a house and lot in Carondelet ; that plaintiff had no title to the same, and that they were not to pay unless the plaintiff made a deed to them for the lot.   On the trial, the justice permitted the defendants to offer evidence showing the consideration of the note.   The evidence was somewhat contradictory.   It appears, however, that the plaintiff sold to Egger a house ; some wood, ten or eleven cords ; a heavy rope and irons ; fishing tackle, clock, and garden vegetables.   The proof about the plaintiff's ownership of the house and lot was contradictory. However, he sold and gave possession, and the defendant, Egger, still has possession.

The court gave the following instructions, among others :

" If the jury believe from the evidence, that the defendants made and executed the note sued on, upon a knowledge of all the facts, or the means of such knowledge, and without any fraudulent representations, on the part of this plaintiff, as to his title, or the value of the property sold and delivered as the consideration therefor, they will find for the plaintiff."

" If the jury believe from the evidence, that the plaintiff sold the house in question to the defendant, Egger, and at or before the time of said sale, represented himself to Egger as the owner thereof, and that Egger purchased said house, believing that the plaintiff was the owner thereof, when, in fact, he was not the owner thereof, then they are instructed to deduct the value of the house from the amount specified in the note."

1.   These instructions were as favorable to the defendants as the law would allow under the proof in the case.   The whole was put plainly before the jury—they have passed upon the defence, and we do not see that there is any error committed by the court below, calling upon this court to reverse the judgment.   The defendants have had two juries to pass upon the

defence ; the law on the last trial was very favorably laid down by the court for them, and both the juries have found against them. Not satisfied, they must still resist payment, although enjoying the fruits of the contract, and try the court of the last resort.

Be it so ; it is their right and privilege to do so, and this court, finding no error in the judgment below, doth affirm the same, with damages at ten per cent—all the judges concurring.