PERSHING v. CANFIELD, *Appellant.*

1. **Vendor and Vendee**: ACTION FOR PURCHASE MONEY: FAILURE OF TITLE: SURRENDER OF POSSESSION: ESTOPPEL. A vendee of land holding under a contract by the terms of which he is entitled to a warranty deed upon payment of the purchase money, and which recites delivery of possession, by the vendor to the vendee, cannot, without surrendering possession, defeat the recovery of the purchase money by showing that the vendor had no title; nor will he be permitted to show that when he made the contract with the plaintiff he was already in possession by virtue of a purchase from the true owner. The recital in his contract estops him.

2. ———: TENDER. A vendor of land cannot recover the purchase price without first tendering a deed.

3 **Practice**: AFFIDAVIT FOR APPEAL. Where the trial court allowed the appellant ten days time in which to file his bill of exceptions and affidavit for appeal, and the latter was not filed until after that time had elapsed, but there was nothing in the record to show that it was not filed during the same term; *Held*, that there was no ground for dismissing the appeal.

*Appeal from Linn Court of Common Pleas.*—Hon. Thomas Whittaker, Judge.

Reversed.

*Huston & Dobson* for appellant.

Plaintiff failed to show either title, or that defendant entered under him; yet asks the court to require the defendant to pay him for an indefeasible title, and that, too, without even a tender of a paper warranty or deed. The agreement on defendant's part to pay, and on plaintiff's part to convey by deed, are mutual; and without tender of a deed plaintiff cannot recover. *Dietrich v. Franz*, 47 Mo. 85. The contract for a warranty deed, even if tender was made, is not satisfied by a mere paper warranty. The vendor contracts that he has, or will have, an indefeasible title, and must be able at the trial to convey such title. *Luckett v. Williamson*, 31 Mo. 54; s. c., 37 Mo. 388; *Smith v. Busby*, 15 Mo. 388.

*Geo. W. Easley* and *A. W. Mullins* for respondent.

The law is well settled that one cannot take possession of land under a contract of sale, retain it, and yet refuse to pay the purchase money; if he intends to rescind the contract, he must relinquish his claim to the vendor, and abandon the possession. *Smith v. Busby* 15 Mo. 388; *Ash v. Holder*, 36 Mo. 163; *Isler v. Egger*, 17 Mo. 332; *Key v. Jennings*, 66 Mo. 356; *Mitchell v. McMullen*, 59 Mo. 252; *Connor v. Eddy*, 25 Mo. 75; *Cooley v. Rankin*, 11 Mo. 645; *Barton v. Rector*, 7 Mo. 528; *Edington v. Nix*, 49 Mo. 134; *Bryan v. Hitchcock*, 43 Mo. 531; *Langdon v. Green*, 49 Mo. 363; *Holland v. Anderson*, 38 Mo. 59.

Henry, J.—On the 28th day of November, 1870, plaintiff sold to defendant 220 acres of land for $750, payable in installments as follows: $187.50 April 1st, 1871,

and $562.50 in four equal annual payments from April 1st, 1871, plaintiff agreeing to convey the land to defendant by general warranty deed on payment of the first installment, and defendant to execute a deed of trust on the land to secure the other installments. These stipulations were contained in an article of agreement executed by the parties in which also was the following : " The said Pershing hereby delivers to the said Canfield, the possession of said land." This suit was to recover a balance of unpaid purchase money, and the defense relied upon was, that plaintiff, as to 160 acres of the land, had no title, but that one Love was the owner thereof.

Defendant was in possession of the land from the date of his purchase to the trial of the cause. He neither surrendered nor offered to surrender to plaintiff the possession. Evidence was introduced by him tending to prove that before he purchased the land of the plaintiff, he had purchased it of Love, and under him took actual possession, and had such possession at the date of his purchase of plaintiff. He was estopped by his agreement with plaintiff from alleging that he held possession under another. He agreed that he took and held possession under plaintiff, and whether he first obtained possession from Love, or not, is immaterial in this case. Although in a controversy between Love and the plaintiff concerning the possession of the land, while Canfield held it, Love would be permitted to show that Canfield held under him, notwithstanding the agreement between Canfield and Pershing. (*Pratt v. Canfield*, 67 Mo. 50,) yet Canfield has no right to rely upon that fact in this suit. Holding that he is estopped from denying that he was in possession under Pershing, it is no defense in the suit by Pershing, for the purchase money, that he has no title, as long as Canfield continues in possession under Pershing. *Isler v. Egger*, 17 Mo. 332.

*Smith v. Busby*, 15 Mo. 387, cited by appellant's counsel, announces this doctrine. Judge Scott delivering the

1. VENDOR AND VENDEE: action for purchase money: failure of title: surrender of possession: estoppel.

opinion of the court in the latter case, said: "He, (the vendee,) was put in possession of the land; he received rent for it. He has everything he contracted for. It is unjust to take the land under a contract of sale, retain it, and yet refuse to pay the purchase money. The vendor should have his money or the land, and if the vendee intends to rescind the contract he should relinquish his claim to the vendor and abandon the possession." But without multiplying authorities on the subject, it is sufficient on this point to say that the case of *Harvey v. Morris,* 63 Mo. 475, in which the cases cited here by both appellant and respondent are reviewed, is in every respect analogous to this, and there this court held, that one in possession of land under a contract of purchase, although no deed had been executed and delivered by the vendor to the vendee, could not, without surrendering the possession, defeat the recovery of the purchase money by proving that the vendor had no title to the land. Here, after acquiring an unquestionable title from Pershing to 60 acres of the 220 acres purchased, Canfield, without surrendering the pos session of any part of the land purchased of plaintiff, attempted to defend the suit for the balance of the purchase money by showing that Pershing had no title to the 160 acres. The court erred against plaintiff in admitting testimony tending to prove that he had no title to the land, and also in permitting the introduction of evidence for the defense to show that Canfield was in possession under Love.

After the trial of a cause in which Canfield was plaintiff, and obtained a decree for title to the 60 acre tract 2. ——: tender. of land, he repeatedly tendered to Pershing the purchase money for the balance, and the latter as often refused to receive the money and execute a deed. The evidence shows that since the determination of that cause, plaintiff has never offered to make to Canfield a deed to the 160 acres, neither before the institution of this suit, nor when it was commenced, nor during the trial. The judgment ren-

dered against the defendant is for the entire balance of the purchase money, but is silent as to the execution of a deed by the plaintiff. While defendant cannot hold the land and refuse to pay the purchase money, neither can plaintiff recover the purchase money until he shows his willingness to comply with his agreement by tendering defendant a deed for the land. He cannot have the purchase money and retain the title to the land. The nearest approach to a tender of a deed by plaintiff is the allegation in the petition that he has always been, and is still willing to comply with his contract. This is not sufficient. He cannot compel the defendant to a specific execution of the contract until he has executed or offered to execute the agreement on his part. The court will not decree a specific performance against one party to a contract, and leave it executory as to the other.

The court below allowed the defendant ten days from the date of the judgment to file his bill of exceptions and 3. PRACTICE: affidavit for an appeal, and respondent condavit for appeal. tends that they were not filed within that time. The record shows that the answer and replication were filed on the 11th day of August, 1875, and yet it also states that the judgment was rendered on the 3rd day of August, 1875. While Canfield was on the stand as a witness, he filed an affidavit for a continuance subscribed and sworn to on the 11th day of August, 1875, and the court adjourned the further hearing of the cause until the 10th of August, 1875. Such a confusion of dates is seldom found in any record. The judgment was certainly not rendered on the 3rd, or the other dates are untrue. When it was rendered is not ascertainable from the transcript, and while, in this condition of the transcript, we might presume that the bill of exceptions filed on the 22nd day of August, was filed in time, yet no such presumption can be indulged with respect to the affidavit which was not filed until the 23rd day of September, 1875, thirty-two days after the bill of exceptions was filed, and if the latter

was filed at any time within the ten days, whether on the first, or any succeeding day of the ten, the affidavit could not possibly have been filed within the ten days allowed. But there is nothing in this transcript to show that the affidavit was filed in vacation, and for aught that appears, the August term continued through the month of September, and if the bill and affidavit were filed at any time in that term, whether after the expiration of the ten days or not, it was sufficient. We cannot, therefore, dismiss the appeal. The judgment will be reversed and the cause remanded. All concur.