CARTWRIGHT v. CULVER, *Appellant.*

1. **Practice**: CONTINUANCE : WITNESS, CANNOT TESTIFY TO A CONCLUSION OF LAW. Where the issue is one of title to real estate, the testimony of a witness that he once owned the land is inadmissible—even if his title were acquired by adverse possession for the required period, he could only testify to the facts which established his title, and not to the conclusion of law from these facts ; and a continuance asked on the ground of the suppression of a deposition containing such testimony and the absence of the witness who had given the testimony is properly refused.

2. ———: ———: REAL PROPERTY, WANT OF TITLE NO DEFENSE TO SUIT FOR PURCHASE MONEY, WHEN. A purchaser who takes a deed with covenants of warranty, and is placed in possession of the land, cannot, in the absence of fraud, retain possession and defend a suit on the notes for the purchase money, on the ground that his vendor had no title and is insolvent ; and a continuance on the ground of suppression of a deposition which, it was claimed, showed that the vendor, in such a case, had no title, was properly refused.

3. ———: VERDICT : HARMLESS ERROR. In a suit brought upon two notes for the purchase money of land, a verdict for the aggregate amount of the two notes, instead of a separate finding upon each, will not be set aside for that reason alone, where the only defense pleaded applied to both notes, and the plaintiff was entitled to recover, if at all, the amount of both, and it is plain from the record that the verdict is just.

*Appeal from Buchanan Circuit Court.*—HON. JOS. P. GRUBB, Judge.

AFFIRMED.

*Allen H. Vories* and *James W. Boyd* for appellant.

The discretion of the trial court as to granting or refusing the continuance, was unsoundly exercised, to the prejudice of the appellant. *Carpenter v. Meyers,* 32 Mo. 213 ; *State v. Shreve,* 39 Mo. 90 ; *State v. Klinger,* 43 Mo. 127 ; *Frederick v. Rice,* 46 Mo. 24. There was a failure of consideration for the notes. Appellant got neither title nor possession of the land for which they were given. *Jones v. Shaver,* 6 Mo. 642 ; *Wellman v. Dismukes,* 42 Mo. 101 ; *Gamache v. Grimm,* 23 Mo. 38 ; *Morrison v. Edgar,* 16 Mo. 411. The verdict of the jury is fatally defective in not finding on the two notes separately. *Mooney v. Kennett,* 19 Mo. 551 ; *Clark v. H. & St. Jo. R. R. Co.,* 36 Mo. 202 ; *Pitts v. Fugate,* 41 Mo. 405 ; *State v. Dulle,* 45 Mo. 269 ; *Brownell v. Pacific R. R. Co.,* 47 Mo. 239 ; *Bigelow v. N. M. R. R. Co.,* 48 Mo. 510 ; *Brady v. Connelly,* 52 Mo. 19.

*Doniphan & Reed* for respondent.

The ownership of land cannot be proven by a mere verbal declaration. A defect of title, where the grantee of land is in possession under a warranty deed, cannot be set up as a defense to an action for the purchase price. *Mitchell v. McMullen,* 59 Mo. 252 ; *Wheeler v. Standley,* 50 Mo. 510 ; *Key v. Jennings,* 66 Mo. 356 ; *Pershing v. Canfield,* 70 Mo. 140. A separate assessment on each cause of action is required in order that the court may know how the issues were found and what amount was assessed on each count. *Brownell v. Pacific R. R. Co.,* 47 Mo. 243 ; *Mooney v. Kennett,* 19 Mo. 554 ; *State v. Dulle,* 45 Mo. 269. The verdict in this case for the aggregate of both notes could have inflicted no possible injustice upon defendant. *Sweet v. Maupin,* 65 Mo. 69.

HENRY, J.—This suit originated before a justice of the peace on two notes executed by defendant and J. M. Shepherd, for $50 each, payable to plaintiff's intestate. They were given for the balance of the purchase money of a

tract of land, and the defense relied upon was, that the vendor had no title, and induced Shepherd to purchase the land, by fraudulently and falsely representing that he had, and that plaintiff was insolvent, and Shepherd had not, nor ever had, possession of the land. From a judgment in favor of defendant, plaintiff appealed to the circuit court, in which a judgment was rendered for plaintiff in accordance with the verdict for the aggregate amount of the two notes and interest, from which defendant has appealed to this court.

An application for a continuance, made by defendant, at the term of the court at which the trial was had, was overruled, and defendant contends that it should have been granted. The deposition of one Callahan had been taken in defendant's behalf, which, on motion of plaintiff, was suppressed, and the continuance was asked on account of the suppression of the deposition, and the absence of witness, then a resident of the state of Kansas.

The testimony of said witness, contained in the suppressed deposition, was, that he knew the land in question, once owned it, and never made a deed conveying it to plaintiff's intestate; that witness owned the land four or five years ago. This evidence was inadmissible if witness had been present in court to testify. Parol evidence is admissible to prove a title to real estate in some cases—for instance a title acquired by adverse possession continued until the statute of limitations has barred the former legal owner, but in an affidavit for a continuance, if that is the kind of title the absent witness is to testify to, the facts which establish the title are to be proved by the witness, and he cannot testify to a conclusion of law. That he has or has not a title, in such a case, is a conclusion of law from the facts.

There is another ground upon which we may sustain the refusal to grant the continuance. The jury found that

1. PRACTICE: continuance; witness cannot testify to a conclusion of law.

Cartwright v. Culver.

2. ——: ——: no fraud was perpetrated by plaintiff's intes-
real property:
want of title no tate to induce Shepherd to purchase the land,
defense to suit for
purchase money, and that the purchaser was in possession of
when.
the land; and under the decisions of this court, it was
wholly immaterial in such case whether the vendor has a
title or not. A purchaser who takes a deed with covenants
of warranty and is placed in the possession of the land,
cannot, in the absence of fraud, retain possession of the
land, and defend a suit on the notes for the purchase money,
on the ground that his vendor had no title and is insolvent.
If such a defense were permitted, he might defeat a recov-
ery of the purchase money, and yet never be disturbed in
his possession of the land. *Mitchell v. McMullen*, 59 Mo.
252; *Wheeler v. Standley*, 50 Mo. 511; *Connor v. Eddy*, 25
Mo. 75, and to the same effect cases will be found in 66
Mo. 356, and 70 Mo. 140. The question of the fraud of
the vendor and the possession of the vendee, were sub-
mitted by instructions in conformity with the foregoing
authorities. Nor did the court err in declaring that the
burden of proving the alleged fraud rested upon defendant.
The instructions asked by defendant were in conflict with
the above cited adjudications, and were properly refused.

That there was not a separate finding on each note we
do not regard as an error which will warrant a reversal of
3. ——: ——: the judgment. The suit originated in a jus-
verdict: harmless
error. tice's court, and no petition, declaration or
statement was filed, or required, but the filing of the notes,
as has been held by this court, was all that was necessary.
The defendant filed an answer, and the only defense pleaded
applied to both notes. They originated in the same trans-
action. On the case as made by the evidence, all or none
of the amount could be recovered; and, inasmuch as on
the evidence and instructions, plaintiff was clearly entitled
to recover the full amount of both notes, we cannot see
that it could possibly have prejudiced the defendant, that
the verdict was for the aggregate amount of the two notes
with interest, instead of a finding on each note separately.

All the cases cited by appellant's counsel were suits instituted in the circuit court, in which, by the code, each cause of action, when two or more are embraced in the petition, must be separately stated. Even in the circuit court, if suit had been instituted on these notes and the same defense had been pleaded, and the same case developed by the evidence, that we are considering, and a general verdict had been rendered for plaintiff, we cannot see that the error would have materially affected the merits of the action. If the verdict and judgment were in every other respect warranted, and the cause were, for such an error as is here complained of, remanded, what substantial benefit could the defendant have derived from a reversal of the judgment? To reverse a judgment for such an error, would be to disregard section 3775 of the Revised Statutes, which reads as follows: "The Supreme Court shall not reverse the judgment of any court, unless it shall believe that error was committed by such court against the appellant or plaintiff in error, and materially affecting the merits of the action." The judgment is affirmed. All concur.