FREDERITZIE v. BOEKER, Appellant.

Division One, February 22, 1906.

1. **SURVEYS: Corners.** The corners established by the United States surveyors in surveying the public lands are conclusive as to the actual location of the boundary lines of sections and such subdivisions thereof as are authorized by the laws of the United States.

2. _____: _____: **FRACTIONAL SECTION: River: Meanders: Accretions.** The line of a section, whose corner is established in the range line on the shore of the Meramec river, because the true corner falls at an inaccessible point in the river, is the meanders of the river, if so designated in the survey, from the section corner so established, along the river's shore, to the parallel line crossing the range line. Such a section is fractional, and the shore line was its boundary, and accretions to that shore line became a part of that section.

3. **ACCRETIONS: Fractional Section: Prolongation of Lines.** The owner of a fractional section is entitled to all the accretions formed by an extension of the shore line, and not simply to so much thereof as is included within a prolongation of the usual sectional lines to what would have been the section corner had the made land been there when the United States survey was made.

Appeal from St. Louis County Circuit Court.—*Hon John W. McElhinney*, Judge.

AFFIRMED.

*Benj. J. Klene* and *R. L. Johnston* for appellant.

(1) Under the law plaintiff's accretions could never extend beyond the section and range lines at his southeast corner. Shelton v. Maupin, 16 Mo. 124. (2) Where the shore line of two or more bodies of land, divided by a water course, receive accretions until they come together, the line of contact will be the dividing line. Buse v. Russell, 86 Mo. 209. (3) Plaintiff failed to make a showing that the accretions he is claiming were formed against land. Therefore, the court erred

in its finding and judgment for him because "the accretions belong to the man who owns the land against which the deposits were made, and they do not belong to the man who owns the land against which such deposits were not made, although they cover the place where his land was before the river washed it away." Widdicomb v. Chiles, 173 Mo. 195. But here there were no accretions to plaintiff's land. Price v. Hallett, 138 Mo. 561; Hahn v. Dawson, 134 Mo. 581. (4) The government surveys of plaintiff's lands, which cannot be changed, made plaintiff's lands a limited field. He is, hence, not entitled to recover any accretions, if any, along and against said arbitrary lines. Smith v. Public Schools, 30 Mo. 290; Elinger v. Railroad, 112 Mo. 527; Sweringen v. St. Louis, 151 Mo. 348.

*J. C. Kiskaddon* for respondent.

(1) Where a deed conveys fractional quarter sections which were originally bounded by the river, it carries all accretions, and the grantee's right to such accretions cannot be affected because the deed describes the land as the "southeast fractional quarter of section 13." Gorton v. Rice, 153 Mo. 683. (2) The instructions of the court dividing the accretions proportionately between the coterminous proprietors are correct. Benne v. Miller, 149 Mo. 243; Crandall v. Allen, 118 Mo. 411; Deerfield v. Arms, 17 Pick. 41. (3) In dividing accretion no attention is to be paid to the side lines of the coterminous proprietors, but the accretions are to be divided so as to give each riparian owner his proportion of the accretions. Crandall v. Allen, 118 Mo. 413; DeLassus v. Faherty, 164 Mo. 372.

BRACE, P. J.—This is an appeal by the defendant from a judgment and decree of the St. Louis County Circuit Court in favor of the plaintiff.

The petition is in two counts. The first count is

ejectment for the recovery of a small tract of land, described in the petition and judgment by metes and bounds, and which it is alleged is an accretion to plaintiff's land from the Meramec river. The second count is for injunction to restrain the defendant from erecting or maintaining an embankment or causeway across said tract of land whereby plaintiff's access to said river would be cut off. On the filing of the petition a temporary injunction was granted as prayed for in the second count of the petition, and, in due course, the cause coming on to be heard on both counts, was submitted to the court without a jury, and the following judgment and decree rendered therein:

"Now at this day come the parties in the above-entitled cause by their respective attorneys and a jury being waived the cause is submitted to the court on both causes of action stated in the petition, and the court having heard the evidence, and the argument of counsel, doth find that plaintiff, under the first cause of action stated in the amended petition, is entitled to recover of the defendant the possession of the real estate sued for in said first cause of action, which real estate is described as follows, to-wit: Commencing at a stake set for and at the original corner of the range line between ranges five and six east, it being the original corner on the bank of the Meramec river to the southeast fractional quarter of section thirteen, in township forty-three, of range five east; thence south thirty-seven degrees and thirty-two minutes west along the original bank of said Meramec river, four chains and five and three-fourth links to a stake set for and at the original corner on the section line between fractional section thirteen and twenty-four, in township forty-three, of range five east, it being the original corner on the bank of the Meramec river to the said southeast fractional quarter of section thirteen, in township forty-three, of range five east; thence south eleven degrees and fourteen minutes east, two chains and ninety-seven links to the bank

of said Meramec river; thence down the said Meramec river with meanderings thereof north forty-three degrees and forty-eight minutes west, four chains and twenty-two links to a point on said bank; thence north eighteen degrees and sixteen minutes west, three chains and twenty-five links to the place of beginning, said tract of land being situated in St. Louis County, Missouri, and being an accretion to the said southeast fractional quarter of section thirteen, in township forty-three of range five east, formed by the action of said Meramec river depositing earth, sand, soil and other substances to, along and against said fractional quarter section; and also under said first cause of action to recover of the defendant the sum of one dollar damages for the unlawfully withholding the possession of said real estate from plaintiff, and also one cent per month for monthly rents and profits of said real estate from the rendition of this judgment until possession of said real estate is delivered to plaintiff. And the court doth further find the issues for the plaintiff on the second cause of action stated both in the original and amended petition, and that at the commencement of this action defendant, his agents and servants were engaged in doing and threatening to do the acts complained of by plaintiff both in said original and said amended petition. It is, therefore, considered and adjudged by the court that plaintiff recover of the defendant the possession of the aforesaid real estate, and said one dollar damages, and said one cent per month for monthly rents and profits from the rendition of this judgment until possession of said real estate is delivered to plaintiff, and it is further ordered, adjudged and decreed that the temporary injunction and restraining order hereinbefore made be and it is hereby made permanent, and that the defendant, his agents and servants be, and they are, each and all hereby forever restrained and enjoined from erecting or maintaining an embankment or causeway on,

along, or across said real estate, or any part thereof, and from excavating any earth from or on said real estate or any part thereof, and that plaintiff recover of the defendant his costs and charges herein expended, and that plaintiff have against defendant a writ of possession and execution to recover the possession of said real estate, said damages, monthly rents and profits and costs.''

From this judgment and decree defendant appeals.

I. The plaintiff is the owner of the southeast fractional quarter of section 13, township 43, range 5 east, and claims the land in controversy as an accretion to his quarter section. The defendant is the owner of fractional section 24 in said township and range and of the south half of the southwest quarter of fractional section 18, township 43, range 6 east, is in possession of the premises sued for and contests the plaintiff's claim, his answer being a general denial.

The location of the land in controversy in relation to the land of plaintiff and defendant, respectively, and to the north shore of the Meramec river as it was when these lands were surveyed by the surveyors of the United States government, and as it was when this suit was instituted, is roughly shown by the following diagram:

The land in controversy is contained within the lines *a, b, c, d, a*. At the time the United States government survey was made it was all under water, the north shore of the Meramec river then being as indicated on the diagram by the line marked, "Meramec river 1816-18." Since that time, by the recession of the river to the line marked, "Meramec river 1903," it has all become dry land. That the land is an accretion to the land on the north shore as it was when originally surveyed is conceded, and the only question is, does it belong to the plaintiff as an accretion to his southeast fractional quarter of section 13, aforesaid? The circuit court held that it did, and in so doing was manifestly correct.

It is well-settled law that "the corners established by the United States surveyors in surveying the public lands are conclusive as to the actual location of the boundary lines of sections and such subdivisions thereof as are authorized by the laws of the United States." [Climer v. Wallace, 28 Mo. 556; Mayor of Liberty v. Burns, 114 Mo. 426.]

It appears from the evidence that according to the United States surveys, section 13, township 43, range 5, is a fractional section, made so by the Meramec river, which was treated by the surveyors as a navigable stream, whose shores were defined by meander lines which became the boundary lines of those subdivisions that abutted upon it, and upon which the section lines closed. Hence, when the range line between five and six was being run from the south, the southeast corner for that fractional section was established, not at 80 rods from the last corner, which was designated as "an inaccessible point," but in the range line on the north shore of the river three chains and fifty links north of that "inaccessible point." The corner as thus established by the United States surveyors is designated on the diagram by the letter "a." From that point the north shore of the river meandered in a southwest direction until it was intersected by the south sectional line of said fractional section at a point designated on the diagram by the letter "b" and thus the south line of said fractional section as established by the United States survey became a line designated on the diagram as *a, b, f,* that part of the boundary between "a" and "b" being the shore line of the river and the shore front of fractional section 13 to which the land in controversy was an accretion, and the court committed no error in holding that this accretion was the property of the plaintiff.

II. There is nothing to support defendant's contention that the south line of the fractional section should be extended in a straight line until it intersects

the range line at a point marked "e" on the diagram, and that plaintiff has no title to any part of the accretion outside the lines *a, b, e, a.*

As this case was tried by the court, and as upon the undisputed facts in the case the judgment was for the right party and could not have been other than it was, it becomes unnecessary to note the points made in brief of counsel, which do not affect the merits of the case.

The judgment of the circuit court is affirmed.

All concur.