AUGUST VON EIME and ELIZABETH VON EIME v. ALBERT FUCHS and MAGDALENA FUCHS, Appellants.—8 S. W. (2d) 824.

Division One, July 10, 1928.

*Joseph C. McAtee* for appellants.

748

*George F. Heege* for respondents.

GENTRY, J.—The plaintiffs, husband and wife, instituted this action in the Circuit Court of St. Louis County, the amended petition containing three counts. As the jury found for the defendants on the first and second counts, and as plaintiffs have not appealed, said counts need not further be considered. The third count alleged that the plaintiffs were the owners of certain real estate, a "tract of land, being part of the accreted land to U. S. Survey 3114, Township 44 North, Range 5 East;" that they and their ancestors had been in possession and owned said property for more than ten years, for more

than twenty years and for more than thirty years, and that their possession had been continuous, uninterrupted, notorious and adverse to the defendants and their ancestors. The third count then stated that the defendants claim to have some title, interest or estate in said real estate adverse to that of plaintiffs, by reason of which plaintiffs prayed the court to determine and to find the title of plaintiffs and defendants in said property. Defendant Magdalena Fuchs filed an answer consisting of a general denial; and the defendant Albert Fuchs filed an answer consisting of first a general denial and then an allegation that he had been in possession of said land for more than ten, twenty-four and thirty years through himself and his ancestors in title, and that said possession had been continuous, uninterrupted, notorious and adverse to plaintiffs and their ancestors, and that plaintiffs had never been in possession thereof. No reply was filed by plaintiffs. A trial before a jury resulted in a verdict for plaintiffs on said third count, that plaintiffs had title to the land in controversy, and that defendants had no title therein. Within the statutory time motions for a new trial and in arrest of judgment were filed. After said motions had been overruled, the death of defendant Magdalena Fuchs was suggested; and defendant Albert Fuchs was granted an appeal.

The real estate in controversy is situated on the bank of the Meramec River, the same being an accretion located in a bend of said stream, the river being a navigable stream. The question in issue is, does said accretion belong to the plaintiffs or to the defendants, they being adjoining proprietors?

Plaintiffs' evidence tended to show that the father of plaintiff, Wilhelm Von Eime, acquired title to lot six in the subdivision of of the U. S. Surveys 3113 and 3114 in 1874, said real estate being situated on the bank of said river; and that his father owned and occupied said real estate until his death, some twelve years prior to the trial. Plaintiffs claim title to said lot six by deed from the widow and other children of Wilhelm Von Eime, deceased. Plaintiffs' evidence further tended to show that this accretion was formed from time to time and that plaintiffs and their ancestor had been in possession of the same from the time it was formed, for thirty-five years, cultivating the accreted land and using it for various purposes. Plaintiffs' evidence also tended to show that shortly prior to the institution of this suit the defendant Albert Fuchs laid claim to the accreted land, and that two of his sons who worked for him on this farm constructed a ditch across a part of the land in controversy, thereby interfering with its use by plaintiffs.

The defendant's evidence tended to show that the defendant is the owner of thirty-two acres, the same being lot twelve of U. S. Survey 1933, which title he acquired from his father by inheritance. The

father, Andrew Fuchs, acquired the title in 1874; and the father and defendant have been in possession of said lot to the present time. The defendant's evidence tended to show that the defendant and his father had been in possession of the land in controversy, which was an accretion, and which they claimed almost from the time the accreted land was formed. Defendant's evidence also tended to show that he had been cultivating the land in controversy for many years past. In rebuttal, the plaintiffs' evidence tended to contradict the evidence of the possession and cultivation of said land by the defendants.

I. The failure of the plaintiffs to file a reply to the separate answer of the defendant Albert Fuchs cannot be considered at this late time, as no objections were made thereto in the trial court, and the case was tried as if a reply had been filed. This constitutes a waiver. [Roden v. Helm, 192 Mo. l. c. 83.]

II. It is stated in appellant's brief that defendant Magdalena Fuchs died pending the trial and that her death was suggested, but that no administrator was appointed for her and the case proceeded as if she were living and judgment was rendered against her. In this, counsel is in error, for both defendants filed answers, and the motion for a new trial recites that it was filed by the defendants, and it is signed by their attorney; and the same is true of the motion in arrest of judgment, both of which were filed on October 31, 1924. The motions were continued until the January term, 1925, when they were overruled. On March 19, 1925, the death of Magdalena Fuchs was suggested for the first time; so we must assume that her death occurred after the motions for a new trial and in arrest had been overruled, and not during the trial. It would be unfair to convict the trial court of the error of proceeding with the trial of a case wherein one of the defendants had died, and of rendering judgment against a deceased person, unless the record showed such to be the fact. As the opposite appears from the record, we must assume that the action of the trial court in this respect was proper; besides, this appeal was asked and is prosecuted alone by defendant Albert Fuchs.

III. It is insisted that the amended petition, which is in three counts, states one or more causes of action different from those contained in the original petition, which it is said had only two counts. If that is true, counsel for defendants should have filed a motion to strike out the amended petition, or such count thereof which was a departure from the original cause or causes of action. [Walker v. Railroad, 193 Mo. l. c. 172; Scovill v. Glasner,

79 Mo. 1. c. 454-5; Grymes v. Lumber Co., 111 Mo. App. 1. c. 362.] But as no such motion was filed, and as defendants each filed an answer to the amended petition, such departure, if departure there was, has been waived. [Authorities supra.]

When a pleading has been abandoned, as was the original petition in the instant case, this court cannot look to nor consider such pleading for any purpose, unless it is offered in evidence and preserved for review in the bill of exceptions. [Forrister v. Sullivan, 231 Mo. 1. c. 352.] Besides such alleged departure was not called to the attention of the trial court in the motion for a new trial; complaint thereof cannot here be made for the first time. [Chance v. Jennings, 159 Mo. 1. c. 553.]

IV. The September term of the St. Louis County Circuit Court began on the third Monday in September, 1924, which was September 15th, as shown by the calendar, of which we take judicial notice. [State ex rel. v. Todd, 72 Mo. 1. c. 290; State v. Harris, 121 Mo. 1. c. 446-7.] The record shows that during said term, to-wit, on October 8, plaintiffs filed their amended petition, which as stated was in three counts. The next day, October 9, there was a colloquy between counsel and the court as to whether the amended petition stated a cause of action different from that contained in the original petition, the court holding that it was the same. Counsel for defendants then asked that the cause be continued or reset for trial at a later date of that term, which request was at first denied by the court. Thereupon, defendants' counsel presented an affidavit for a change of venue, on account of the prejudice of the judge, alleging therein that knowledge of the existence of such prejudice came to the defendants since the adjournment of the last term of court, and on the day that the affidavit was sworn to and filed. Why defendants did not present an application before the court ruled that the amended petition did not state a cause of action different from that contained in the original petition, and before the court declined to continue or reset the case, does not appear. From the statement and brief of appellant it may reasonably be inferred that he considers the action of the court in refusing to continue or reset the case sufficient evidence of prejudice, although no motion for a continuance was filed and no allegation made of surprise in the filing of the amended petition. The affidavit asking for a change of venue was filed without any notice to the plaintiffs, and it simply states that notice of the preparation of the affidavit was given plaintiffs. The affidavit was imperfect in its form and did not strictly comply with the change of venue statute. But, whether sufficient or not and whether filed at a proper time or not, and whether the failure to give reasonable notice as required by the statute (Sec. 1361, R. S. 1919),

need not be considered, as defendants failed to properly call the attention of the trial court to the alleged error of overruling the application for change of venue in the motion for a new trial. [Wolff v. Ward, 104 Mo. l. c. 145.]

V. (a) Objection was made by appellant to the witness Edgar Rapp producing and testifying to a survey and a plat that he had made of the land in controversy and the surrounding land. The witness testified that he had resided in St. Louis County for forty years and had been a surveyor and civil engineer for thirty-four years and that he was well acquainted with the land in question and had many times made surveys along and near the Meramec River. With such preliminary showing, it was perfectly competent for the witness to testify to a survey that he had made and also to a plat that he had made of the land. Section 12719, Revised Statutes 1919, does not prohibit a surveyor from testifying to a survey that he had made nor to a plat that he had prepared, but only prohibits the use of a survey or re-survey not made by a county surveyor. In Hopper v. Hickman, 145 Mo. l. c. 417, this court had before it this identical question, and in speaking of Section 8312, Revised Statutes 1889, which is now Section 12719, supra, the court said: "But no good reason exists why any surveyor (official or unofficial) should, when he is brought into court and placed under the obligation of an oath, be denied the right to testify in reference to a survey made by himself, or to the correctness of any plat thereof which he may have made, leaving the question of its accuracy to the consideration of the jury, as are all questions of fact."

(b) Neither was error committed in permitting the witness Rapp to identify a certain United States survey. This was one of the official records of St. Louis County, and the witness, a surveyor of many years' experience, had often had occasion to use this and other Government surveys, was thoroughly familiar with them and simply identified this one in connection with his testimony. We can see no objection to the witness explaining this survey to the jury, showing them points of the compass, the meanderings of the Meramec River and the land claimed by plaintiffs.

(c) Complaint is also made that the plaintiff August Von Eime was permitted to testify that he had been in possession of the land in controversy and had claimed it for many years. By referring to the record, it will be seen that this witness described the acts of ownership of his ancestor as well as his own acts of ownership and stated that he had claimed this land ever since his father's death. It has long been held that parole evi-

dence is admissible to prove title to real estate, where title was acquired by adverse possession. [Cartwright v. Culver, 74 Mo. 181.]

(d) Appellant insists that prejudicial error was committed in the admission in evidence of unofficial copies of several deeds; that the original deeds or the record copies thereof were the best evidence. Conceding that appellant is correct in this contention, we are unable to consider this question for the reason that appellant has not preserved the alleged objectionable copies in the record. We are therefore unable to determine whether or not the same were immaterial to the issues here; if immaterial, the judgment should not be disturbed, as Section 1513, Revised Statutes 1919, prohibits us from reversing a case unless error was committed materially affecting the merits of the action. On that subject, Judge BURGESS, in behalf of this court, held that certain certificates of the probate court, which were admitted in evidence but not preserved in the record, would not be considered by this court, as the presumption must be indulged that they were in proper form and therefore properly admitted. [Gentry v. Field, 143 Mo. l. c. 409.] And in a case where the admissibility of a deposition was in issue, Judge GANTT said: "To convict the trial court of error, the deposition should have been preserved, so that an inspection would disclose its. relevancy or competency." [Lumber Co. v. Rogers, 145 Mo. l. c. 449; Elliott on Appellate Proc., sec. 721.]

VI. Much stress is laid by counsel for appellant on the fact that the verdict should have been for the defendants on the weight of the evidence. The jury heard the witnesses testify and was better able to decide such question than this court, and its verdict has met with the approval of the trial court. The evidence was conflicting. Viewed from this distance, this case seems to be so much like the case of Frederitzie v. Boeker, 193 Mo. 228, that it might be almost termed a companion case. As the verdict of the jury is in accordance with the principles laid down in that case, it cannot be said that the verdict is for the wrong party.

VII. The instructions fairly and fully covered the case and are free from objections. Those given on behalf of plaintiffs submitted to the jury the question of the ownership of lot six by plaintiff and his father and the possession and claim by them of the adjoining accreted land. The defendant's instructions submitted the issue of the ownership of lot 12 by defendant and his father and the possession and claim by them to the adjoining accreted land. The defendant having voluntarily adopted the theory of plaintiffs in these instructions, cannot now complain. Even.

though error was committed in the giving of instructions, it was error on behalf of both parties and, therefore not reversible. [Huss v. Bakery Co., 210 Mo. l. c. 44; Everhart v. Bryson, 244 Mo. l. c. 521.]

As the case was fairly presented to the jury, the verdict is binding on us. The judgment should therefore be affirmed, which is accordingly done. All concur.