**STATE ex rel. Lucy Shepherd JAKOBE,**
**Relator,**

v.

**Hon. William H. BILLINGS, Judge of the**
**Circuit Court of Stoddard County,**
**Missouri, Respondent.**

No. 53060.

Supreme Court of Missouri,
En Banc.

Nov. 27, 1967.

Buerkle & Lowes, Albert C. Lowes, Kenneth L. Waldron, Jackson, for relator.

C. H. Parsons, Jr., Dexter, for respondent.

HOLMAN, Chief Justice.

In this original proceeding in prohibition relator seeks to prevent the respondent from taking any further action in the case of Bailey Kestner and Mary E. Kestner, plaintiffs, vs. Lucy Shepherd Jakobe, defendant, other than entering orders changing the venue and disqualifying himself. That case was tried in 1965 and Mary obtained a judgment. Upon appeal the judgment was reversed and the cause remanded for a new trial. Kestner v. Jakobe, Mo. App., 412 S.W.2d 205.

On April 10, 1967, relator filed an application for change of venue and an application to disqualify respondent as judge in the aforementioned case. On May 1, 1967, the respondent considered said applications and entered the following order: "Application for change of venue and disqualification of judge denied because of defective affidavit."

Civil Rule 51.06(a), V.A.M.R. provides that a party seeking a change of venue or disqualification of the judge shall annex to the application "an affidavit, made by himself, his agent or attorney, to the truth of the petition, and that affiant has just cause to believe that he cannot have a fair trial on account of the cause alleged and that the application is made in good faith and not to delay the trial or to vex or harass the adverse party * * *." The applications we are considering each contained the statement "that the applicant makes this application in good faith and not to delay the trial or to vex or harass the adverse party." The affidavit to the application for change of venue reads as follows: "Albert C. Lowes, being first duly sworn on his oath, states that he is the attorney of record for the defendant in the above entitled cause and makes this affidavit on behalf of said defendant, and affiant states that the facts stated in the above and foregoing application are true and that the affiant and defendant have just cause to believe and do believe that the defendant cannot have a fair trial in the Circuit Court of Stoddard County for the causes stated in the foregoing application." The other affidavit was substantially the same.

Respondent contends that the affidavits were defective because they did not contain the words required by Civil Rule 51.06 (a) "that the application is made in good faith and not to delay the trial or to vex or harass the adverse party." It will be noted that that statement was contained (although not required) in each application and that each affidavit stated "that the facts stated in the above and foregoing application are true."

This court has said that "strict compliance with the statute and the rules of this court is essential to the sufficiency of the application." Land Clearance for Redevelopment Authority of City of St. Louis v. Zitko, Mo.Sup., 386 S.W.2d 69, 77. But the courts have also stated that "[i]f the application is in substantial compliance with the requirements of the statute, the change must be granted. * * * It is not essential that the allegation follow literally the language of the statute. Equivalent language is sufficient." Ralston v. Ralston, Mo.App., 166 S.W.2d 235, 237. We do not think the cases which use the expression "strict compliance" should be construed as holding that the sufficiency of the application shall be made to depend entirely upon it containing the exact words specified in the Rule or a literal adherence to the form of instrument the Rule might indicate.

■ It is our conclusion that the affidavits before us are a substantial and sufficient compliance with the requirements of the Rule. The exact words required to be in the affidavits were included in the applications and the affiant swore that the facts stated in the applications were true. We think that was substantially the same as including the words in the affidavits. The reverse of this situation appears in the case of LaGrange Elevator Co. No. 111 v. Richter, Mo.App., 129 S.W.2d 22. There the entire instrument seeking a change of venue was in the form of an affidavit. However, since it contained the allegations required of an application it was held to be sufficient.

■ We hold that the applications and affidavits were in substantial compliance with Civil Rule 51.06(a) and that the respondent erred in not granting the relief therein sought. We may add, however, that in order to avoid questions such as are raised in this case, and in the interest of orderly pleading and procedure, attorneys would be well advised, in preparing applications and affidavits for change of venue or disqualification of a judge, to endeavor as nearly as possible to adopt a form which is in exact compliance with the Rule.

In support of his contention respondent has cited the following cases: Erhart v. Todd, Mo.Sup., 325 S.W.2d 750, 752; Von Eime v. Fuchs, 320 Mo. 746, 8 S.W.2d 824, 826; Industrial Acceptance Corp. v. Webb, Mo.App., 287 S.W. 657, 659(3); George L. Cousins Contracting Co. v. Acer Realty Co., Mo.App., 110 S.W.2d 885, 888; State ex rel. State Highway Commission of Missouri v. Hartman, 226 Mo.App. 604, 44 S.W.2d 169, 170; Spencer v. Smith, Mo.App., 128 S.W.2d 315, 318; and Land Clearance for Redevelopment Authority of City of St. Louis v. Zitko, supra. We have read all of those cases and find that they are distinguishable upon the facts and that none of them support the action of respondent in overruling the applications under consideration.

■ Civil Rule 51.06(b) provides that "[a]fter a case has been set for trial, applications for change of venue and disqualification of the judge must be joined and presented together and cannot thereafter be made separately." It is suggested in respondent's brief that since relator filed separate applications for change of venue and for disqualification of the judge the quoted rule was violated. We do not agree. In the first place, it should be noted that respondent did not rely on that point in overruling the applications. Moreover, the applications were filed at the same time, presented together, and were treated by the respondent as one application, as shown by the order overruling same. In that situation we think the applications were substantially the same as though they had been combined in one paper or pleading.

■ It is also suggested that, in our discretion, we should refuse to make the provisional rule absolute because relator has an adequate remedy by way of appeal. We decline to so rule. In this case we have issued our provisional rule and have determined that the court erred in failing to grant the change of venue and change of judge. In that situation we could not reasonably deny relator relief, require her to try the case, and, if unsuccessful, appeal in order to obtain the relief she is now entitled to. State ex rel. Busby v. Cowan, 232 Mo.App. 391, 107 S.W.2d 805 [8].

Our provisional rule in prohibition is made absolute and respondent is prohibited from taking any further action in the aforementioned case except to enter an appropriate order or orders granting a change of venue and disqualifying himself therein.

All concur.