**STATE ex rel. Howard DEERING,**
**Plaintiff-Relator,**

v.

**Honorable James S. CORCORAN, Judge of the Circuit Court of the City of St. Louis, Division No. 1, Defendant-Respondent.**

No. 46575.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 22, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
May 26, 1983.

Application to Transfer Denied
June 30, 1983.

Lawrence J. Fleming, St. Louis, for plaintiff-relator.

Robert Stewart, St. Louis, for defendant-respondent.

DOWD, Judge.

We granted a provisional writ of prohibition to prevent respondent circuit judge from striking a claim for punitive damages in a case brought by a former employee against his former employer under the service letter statute, § 290.140, RSMo 1978.[1]

---

1. This statute was originally enacted as a criminal penal statute and established a criminal misdemeanor for violations. It was judicially interpreted to provide a civil cause of action for actual and punitive damages. *See Cheek v. Prudential Insurance Co. of America,* 192 S.W. 387 (Mo.1917); *Cheek v. Prudential Insurance Co. of America,* 223 S.W. 754, 756 (Mo.App. 1920); *Hall v. St. Louis-San Francisco Railway Co.,* 224 Mo.App. 431, 28 S.W.2d 687 (Mo.App. 1930); *Hunt v. St. Louis Housing Authority,* 573 S.W.2d 728 (Mo.App.1978).

The issue is whether the 1982 amendment to this statute precludes punitive damages in a suit pending before the effective date of the amendment. We hold that it does not.

The relevant facts are as follows: Relator was employed by Smith & Davis Manufacturing Company from January 15, 1979, to July 26, 1980. He requested a service letter on August 22, 1980, and received an answer dated August 29, 1980. In May of 1982 he filed suit relying on the then existing law, alleging that in said letter his employer willfully, wantonly, and maliciously stated incorrect and false information as to the details of his employment and the reasons for his discharge. Relator asked for punitive as well as actual damages. Smith & Davis made a motion to strike, contending the retroactive application of § 290.140 RSMo 1978 as amended in 1982 precluded the claim for punitive damages.

■ We first consider the use of a writ of prohibition. Relief sought by a writ of prohibition is preventative and not corrective. *Missouri Pacific R. Co. v. Missouri Commission on Human Rights,* 606 S.W.2d 496 (Mo.App.1980). If, as we conclude, the petition states a cause of action under the law when filed and the cause is unaffected by a subsequent statutory amendment, then the respondent exceeds his jurisdiction in attempting to strike a part of that cause of action and prohibition will lie. *State ex rel. Lang v. Hodge,* 608 S.W.2d 432 (Mo.App. 1980). We cannot deny relator the relief he seeks on this question of law, require him to try the underlying case, and then require an appeal in order to obtain the relief he is now entitled to and on a point on which, in our opinion, he will prevail. *See State ex rel. Jakobe v. Hon. William H. Billings,* 421 S.W.2d 16 (Mo. banc 1967).

Section 290.140 RSMo 1978 was amended effective August 13, 1982 and states in relevant part:

2. Any corporation which violates the provisions of subsection 1 of this section *shall be liable for compensatory but not punitive damages* but in the event that the evidence establishes that the employer did not issue the requested letter, said employer may be liable for nominal and punitive damages; but no award of punitive damages under this section shall be based upon the content of any such letter. (Emphasis ours).

■ This amendment is not by its terms retroactive. If the legislature had intended its retroactive application, it would have so provided. This court will not imply such a provision. Moreover, when the legislature repeals an existing statute, it is considered to have done so in contemplation of the general savings statutes §§ 1.170 and 1.180, RSMo 1978.[2] Unless the legislature specifically provides that the repeal be retroactive, it is presumed that these savings provisions are to be incorporated by reference with the same effect as if the repealing statute contained its own special savings clause. *See Protection Mutual Insurance Co. v. Kansas City,* 551 S.W.2d 909, 912 (Mo.App.1977).

■ We further believe that these savings statutes are on point because the subject matter in dispute is the assessment of punitive damages. Punitive damages are not compensatory in nature but instead are private fines levied by civil juries to punish reprehensible conduct and to deter the wrongdoer from engaging in the same type of activity. *See Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 349, 94 S.Ct. 2997, 3012, 41 L.Ed.2d 789 (1974); *Probst v. Probst,* 595 S.W.2d 289, 292 (Mo.App.1979). Therefore, while we concede the origin of the subject cause of action was a penal criminal statute, the judicial interpretation conferring a civil cause of action for actual and punitive damages persuades us to apply the stated public policy of both §§ 1.170 and 1.180.

In the recent case of *Arie v. Intertherm, Inc.,* 648 S.W.2d 142 (Mo.App.1983), this court held that a judgment for punitive damages in a service letter case was unaf-

2. §§ 1.170 and 1.180 RSMo 1978 in essence both provide that the repeal of any statutory provision does not affect any right accrued or action pending or established in any proceeding before the enactment of the subsequent statute or amendment.

fected by the subject 1982 amendment. Specifically, we stated that:

> "... prior to entry of judgment no plaintiff has a vested right to punitive damages and a statute precluding an award of punitive damages may be applied retroactively ... however, once the plaintiff has had a judgment awarding him punitive damages he has a vested right in said punitive damages and cannot be deprived of the punitive damages by retroactive application of a statute precluding an award of punitive damages which was enacted and took effect after the entry of judgment."

In essence, respondent contends that under *Arie,* relator in the instant case had no right to punitive damages when the action was commenced, and that until a judgment was obtained his cause of action was a mere expectation.

We disagree, and conclude that relator's cause of action in the instant case was valid under the law at the time the petition was filed. It is unnecessary and we do not decide relator's general entitlement to punitive damages or the amendment's effect on the position of former employees and former employers where the amendment became effective before an action was commenced.

It is not in accord with public policy to deprive relator of a cause of action provided by law at the time the action was commenced simply because the case had not yet proceeded to trial and final judgment, particularly where the amending statute makes no such provision. It seems incongruous that a plaintiff who files in one jurisdiction should be deprived of his claim simply because a congested court docket prevented his case from proceeding to trial while a plaintiff in another jurisdiction filing his petition at approximately the same time was able to obtain a judgment because of an uncongested court docket. To hold otherwise would not only penalize a plaintiff for a situation beyond his control and deprive him of a cause of action provided for under the law at the time the petition was filed, it would also violate both the spirit

and provisions of savings statutes §§ 1.170 and 1.180 RSMo 1978.

For the above mentioned reasons we find relator's claim for punitive damages was improperly stricken.

Writ absolute.

STEPHAN, P.J., and KAROHL, J., concur.