Clay W. DIPPEL, Plaintiff-Respondent,

v.

TACO BELL CORP.,
Defendant-Appellant.

No. 50279.

Missouri Court of Appeals,
Eastern District,
Division One.

July 22, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 10, 1986.

Application to Transfer Denied
Oct. 14, 1986.

conversion." *United Missouri Bank South v. United States,* 423 F.Supp. 571, 576 (W.D.Mo. 1976).

John R. McFarland, Robert J. Gryzmala, St. Louis, for defendant-appellant.

Ray A. Gerritzen, St. Louis, for plaintiff-respondent.

SNYDER, Judge.

Clay W. Dippel (employee) sued his former employer Taco Bell Corp. alleging violation of § 290.140 RSMo. 1978, the service letter statute. The jury returned a verdict awarding employee $10,000.00 compensatory and $50,000.00 punitive damages. After various post-trial motions, the trial court left intact the award of punitive damages, but set aside the compensatory damages and awarded, instead, $1.00 nominal damages. Taco Bell appeals, challenging only the award of punitive damages. The judgment for nominal damages is affirmed; the judgment for punitive damages is reversed.

In Taco Bell's sole point on appeal it asserts the issue of punitive damages was not a jury question because the evidence failed to show Taco Bell knowingly and intentionally supplied a deficient service letter to employee and therefore employee failed to make a submissible case on punitive damages.

While this appeal was pending, the Missouri Supreme Court handed down *Vaughan v. Taft Broadcasting Co.*, 708 S.W.2d 656 (Mo. banc 1986), which addressed directly the issue of punitive damages under the service letter statute. In *Vaughan*, plaintiff filed his action in April 1980. Judgment in his favor awarding him both actual and punitive damages under the service letter statute was entered in November 1983.

Before the judgment was entered, § 290.-140 of the service letter statute was amended, effective August 13, 1982, to permit the award of punitive damages only when there is evidence that the employer failed to furnish a service letter when an employee requests one. The amendment also directs that no award of punitive damages shall be based upon the content of any such letter.

Defendant in *Vaughan* appealed, asserting among other things, that the trial court's submission of an instruction on punitive damages was erroneous because the service letter statute as amended specifically denied the recovery of punitive damages where the letter had been supplied.

Plaintiff responded that the amended statute did not apply because his cause of action accrued and his case was filed prior to August 13, 1982, the effective date of the amended service letter statute. Plaintiff relied upon *State ex rel. Deering v. Corcoran*, 652 S.W.2d 228 (Mo.App.1983) to support his position. In *Deering*, this court held that the 1982 amendment to the service letter statute did not preclude punitive damages in a suit commenced before the effective date of the amendment but in which no judgment had been entered before the effective date of the statute. *Id.* at 230.

The Missouri Supreme Court rejected plaintiff's position and expressly stated that "the holding in *Deering* and any cases relying upon *Deering*, should no longer be followed". *Vaughan*, 708 S.W.2d at 661. The Supreme Court concluded that the trial court erred in submitting a punitive damages instruction to the jury; that plaintiff could not recover punitive damages because he had no vested right to such damages at the time the 1982 statute became effective. *Id.* at 660.

Employee filed his action against Taco Bell prior to August 13, 1982, the effective date of the amendment to the service letter statute. The judgment awarding employee punitive damages, however, was not entered until May 15, 1985, followed by

amendments of the judgment on June 7 and June 10, 1985.

Although the trial court could not have been aware of the holding in *Vaughan* and this case was appealed to this court prior to *Vaughan*, *Vaughan* is controlling. An appellate court must decide a case on the basis of the law in effect at the time of the decision. *Sturgess v. Guerrant*, 583 S.W.2d 258, 262[1] (Mo.App. 1979).

Respondent's motion to dismiss the appeal and motion for damages for frivolous appeal which were taken with the case are denied.

The judgment for nominal damages is affirmed; the judgment for punitive damages is reversed.

CARL R. GAERTNER, P.J., and SMITH, J., concur.